Versión para imprimir

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Baltazar Ortiz Chévere<br>    Recurrido<br><br>      v.<br><br>Juan C. Puig Morales,<br>Secretario de Hacienda; Estado<br>Libre Asociado de Puerto Rico<br>    Peticionario<br>_____<br><br>Armando Quiles Molina<br>    Recurrido<br><br>      v.<br><br>Juan C. Puig Morales,<br>Secretario de Hacienda; Estado<br>Libre Asociado de Puerto Rico<br>    Peticionario<br>_____<br><br>José M. Molina Hernández<br>    Recurrido<br><br>      v.<br><br>Juan C. Puig Morales,<br>Secretario de Hacienda; Estado<br>Libre Asociado de Puerto Rico<br>    Peticionario<br>_____<br><br>Emilio López Borges,    María<br>D. Colón González y la Sociedad<br>Legal de Gananciales por ellos<br>constituida<br>    Recurridos<br><br>      v.<br><br>Juan C. Puig Morales,<br>Secretario de Hacienda; Estado<br>Libre Asociado de Puerto Rico<br>    Peticionario<br>_____<br><br>Enrique Adorno Bonilla,<br>Magdalena Figueroa Loarte y la<br>Sociedad Lega de Gananciales<br>por ellos compuesta<br>    Recurridos<br><br>      v.<br><br>Juan C. Puig Morales,<br>Secretario de Hacienda; Estado<br>Libre Asociado de Puerto Rico<br>    Peticionario | Certiorari<br><br>2012 TSPR 151<br><br>186 DPR ____ |

Número del Caso: CC-2011-0200
                 CC-2011-0227
                 CC-2011-0369
                 CC-2011-0448
                 CC-2011-0742

Fecha: 11 de octubre de 2012

Tribunal de Apelaciones:

          Región Judicial de San Juan, Panel I, II y IV

**CC-2011-200**

Oficina del Procurador General:

          Lcda. Leticia Casalduc Rabell
          Subprocuradora General

          Lcda. Karla Z. Pacheco Álvarez
          Procuradora General Auxiliar

          Lcda. Lizette Mejías Avilés
          Procuradora General Auxiliar

Abogado de la Parte Recurrida:

          Lcdo. Luis E. Vázquez Santos

**CC-2011-227**

Oficina del Procurador General:

          Lcda. Leticia Casalduc Rabell
          Subprocuradora General

          Lcda. Lizette Mejías Avilés
          Procuradora General Auxiliar

Abogado de la Parte Recurrida:

          Lcdo. Luis E. Vázquez Santos

**CC-2011-369**

Oficina del Procurador General:

       Lcdo. Luis Román Negrón
       Procurador General

       Lcda. Zaira Girón Anadón
       Subprocuradora General

       Lcda. Karla Z. Pacheco Álvarez
       Procuradora General Auxiliar

Abogado de la Parte Recurrida:

       Lcdo. Luis E. Vázquez Santos

**CC-2011-448**

Oficina del Procurador General:

       Lcda. Leticia Casalduc Rabell
       Subprocuradora General

       Lcda. Jeanette M. Collazo Ortiz
       Subprocuradora General

       Lcda. Carmen. A Riera Cintrón
       Procuradora General Auxiliar

Abogado de la Parte Recurrida:

       Lcdo. Luis E. Vázquez Santos

**CC-2011-742**

Oficina del Procurador General:

       Lcda. Leticia Casalduc Rabell
       Subprocuradora General

       Lcda. Lizette Mejías Avilés
       Procuradora General Auxiliar

Abogado de la Parte Recurrida:

       Lcdo. Luis E. Vázquez Santos

Materia:   Ley de Contribución Sobre Ingresos – Alcance de la exención de impuestos establecida en la Sección 1022 (b)(5) del Código de Rentas Internas

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Baltazar Ortiz Chévere

      Recurrido

        v.

Juan C. Puig Morales, Secretario de Hacienda; Estado Libre Asociado de Puerto Rico

      Peticionario

Armando Quiles Molina

      Recurrido

        v.

Juan C. Puig Morales, Secretario de Hacienda; Estado Libre Asociado de Puerto Rico

      Peticionario

José M. Molina Hernández

      Recurrido

        v.

Juan C. Puig Morales, Secretario de Hacienda; Estado Libre Asociado de Puerto Rico

      Peticionario

Emilio López Borges, María D. Colón González y la Sociedad Legal de Gananciales por ellos constituida

      Recurridos

        v.

Juan C. Puig Morales, Secretario de Hacienda; Estado Libre Asociado de Puerto Rico

      Peticionario

CC-2011-0200
CC-2011-0227
CC-2011-0369
CC-2011-0448
CC-2011-0742

| Enrique Adorno Bonilla, Magdalena Figueroa Loarte y la Sociedad Lega de Gananciales por ellos compuesta<br><br>Recurridos<br><br>v.<br><br>Juan C. Puig Morales, Secretario de Hacienda; Estado Libre Asociado de Puerto Rico<br><br>Peticionario | |
|---|---|

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES

En San Juan, Puerto Rico, a 11 de octubre de 2012.

Con la decisión que emitimos hoy, hacemos valer el mandato legislativo expresado en la Ley Núm. 117-2006, conocida como Ley de la Justicia Contributiva de 2006, mediante la cual se enmendó la Sec. 1022(b)(5) del Código de Rentas Internas de 1994, Ley Núm. 120-1994, según enmendada, 13 L.P.R.A. sec. 8422(b)(5).[1] Como veremos a continuación, el propósito de esa enmienda fue limitar el alcance de la exención de impuestos contenida en la Sec. 1022(b)(5), íd., a las lesiones o enfermedades **físicas**. Eso modificó la interpretación estatutaria que hicimos en Orsini García v. Srio. de Hacienda, 177 D.P.R. 596 (2009).

---

[1] La Ley Núm. 1-2011, conocida como el Código de Rentas Internas para un Nuevo Puerto Rico, derogó el Código de Rentas Internas de 1994. Sin embargo, la Sec. 1031.01(b)(3) del nuevo Código mantuvo un lenguaje idéntico al contenido en la Sec. 1022(b)(5) del Código de Rentas Internas de 1994, según enmendada por la Ley Núm. 117-2006, supra. Esa última

I

Los hechos de cada caso se presentan de forma individual con el fin de facilitar su lectura.

**CC-2011-200**

El Sr. Baltazar Ortiz Chévere era empleado de la compañía Abbott Pharmaceuticals P.R. Ltd (Abbott). En el 2007 esa relación laboral concluyó. Como consecuencia de ello, el 12 de enero de 2007 el señor Ortiz Chévere y Abbott suscribieron un "Acuerdo de Separación y Relevo Total" mediante el cual el patrono entregó al empleado $110,011 en concepto de indemnización. Del acuerdo referido no surgen las razones que motivaron la separación del empleo. Lo que se desprende del documento es que el señor Ortiz Chévere eximió a Abbott de toda responsabilidad contenida en las disposiciones de las leyes de naturaleza obrero-patronal en nuestra jurisdicción y en el ordenamiento laboral análogo en el ámbito federal.

Al rendir la planilla de contribución sobre ingreso para el año contributivo 2007, originalmente el señor Ortiz Chévere declaró como ingreso tributable (1) el monto de la indemnización por terminación del empleo producto del acuerdo de transacción con su patrono; (2) $20,609 que también recibió en concepto de salarios, bonos y vacaciones acumuladas y; (3) $2,871 por concepto de ganancia en la venta o permuta de activos de capital y planes cualificados. No

_____

era la ley vigente cuando se suscitaron los hechos de estos casos consolidados.

obstante, el 24 de septiembre de 2008 el señor Ortiz Chévere presentó ante el Departamento de Hacienda una "Planilla Enmendada" para el año contributivo 2007 con el propósito de suprimir lo obtenido en la transacción por considerarlo una partida excluida bajo la Sec. 1022(b)(5) del Código de Rentas Internas de 1994, supra. Con esa enmienda, el ingreso bruto ajustado reportado para el 2007 se redujo a $23,480, por lo que el señor Ortiz Chévere también solicitó un reintegro de $4,776, como contribución sobre ingresos pagada en exceso para dicho año.

El 20 de noviembre de 2009, luego de realizar la investigación correspondiente, el Departamento de Hacienda imputó como tributable los $110,011 recibidos por el acuerdo de transacción, que realmente se redujeron a $109,129 luego de sustraer $882 de gastos ordinarios y necesarios. Consecuentemente, denegó el reintegro solicitado por el señor Ortiz Chévere.

El 10 de diciembre de 2009 el señor Ortiz Chévere presentó una demanda ante el Tribunal de Primera Instancia. En ella, reclamó que la cuantía recibida en el 2007 por concepto del acuerdo sobre terminación de empleo no es ingreso tributable por razón de exclusión, y que por ende, procede el reintegro de los $4,776.

El 27 de abril de 2010 el Departamento de Hacienda compareció ante el Tribunal de Primera Instancia y solicitó la desestimación de la acción, conforme lo dispuesto en la Regla 10.2 de Procedimiento Civil de 1979, 32 L.P.R.A. Ap.

III. En síntesis, argumentó que la demanda dejaba de exponer una reclamación que justificara la concesión de un remedio, porque el pago recibido no representaba una indemnización por un despido injustificado o discriminatorio, sino "una compensación por la separación del empleo cuyo pago sustituye los ingresos de[l señor Ortiz Chévere]", Apéndice, pág. 86, "lo que constituye ingreso tributable en su totalidad", Íd., pág. 85. Añadió que lo resuelto en Orsini García v. Srio. de Hacienda, supra, no es de aplicación en este caso ante la posterior promulgación de la Ley Núm. 117 supra. El 30 de julio de 2010 el foro primario dictó una sentencia en que declaró con lugar la demanda y ordenó al Departamento de Hacienda pagar al señor Ortiz Chévere -en concepto de reintegro- la suma de $4,776, más los intereses acumulados.

Inconforme con esa determinación, el Departamento de Hacienda acudió ante el Tribunal de Apelaciones mediante recurso de apelación. Con el beneficio de la comparecencia de ambas partes, el foro apelativo intermedio dictó una sentencia en la que confirmó la determinación del Tribunal de Primera Instancia de que el pago que recibió el señor Ortiz Chévere al firmar el acuerdo con su antiguo patrono estaba exento de contribución.

Aún en desacuerdo, el Departamento de Hacienda comparece ante nos mediante solicitud de certiorari y solicita que revisemos la sentencia del Tribunal de Apelaciones. Sostiene que ese foro erró al resolver conforme lo pautado en Orsini García v. Srio. de Hacienda, supra, a pesar de que el estado

de derecho en que nos basamos para resolver ese caso es distinto, pues la Ley Núm. 117, supra, alteró el panorama. Además, el Estado argumenta que el Tribunal de Apelaciones obvió por completo la norma de deferencia que se le debe guardar a la interpretación que hace el Secretario de Hacienda de las leyes tributarias y el hecho de que las leyes fiscales se deben de interpretar en forma restrictiva.

El 17 de junio de 2011 este Tribunal acordó expedir el auto de certiorari. Ambas partes presentaron sus argumentos, por lo que el asunto se encuentra listo para resolverse.

**CC-2011-227**

El Sr. Armando Quiles Molina era empleado de Abbott Pharmaceuticals P.R. Ltd. (Abbott) hasta finales de 2006, cuando fue separado de su empleo. Como parte del plan de separación, Abbott le ofreció unos beneficios económicos como indemnización a cambio de suscribir un "Acuerdo de Separación y Relevo Total". De ese documento no surgen las razones que motivaron la separación del empleo. Conforme al acuerdo, la cantidad global que recibió el señor Quiles Molina se calculó a base de los años de servicios con Abbott. Esa suma era adicional al salario, bonos y al pago de vacaciones acumuladas que le adeudaba el patrono.

Firmado el acuerdo y finalizado el empleo, el señor Quiles Molina recibió el pago de $63,418.54, según acordado. El señor Quiles Molina incluyó esa partida en su planilla de contribución sobre ingresos del 2007. Luego, enmendó la planilla para excluir esa partida, con el propósito de

solicitar el reintegro de la suma pagada en exceso de contribución sobre ingresos.

Luego de varios trámites, el Secretario de Hacienda notificó al señor Quiles Molina la denegatoria de su solicitud de reintegro por la cantidad de $9,402. Conjuntamente, se le apercibió que de no estar de acuerdo con la determinación, podía acudir al Tribunal de Primera Instancia.

Cónsono con ello, el 7 de mayo de 2010 el señor Quiles Molina presentó ante el foro primario una demanda en solicitud de reintegro de contribución sobre ingresos. Adujo que la indemnización recibida no está sujeta al pago de contribución sobre ingresos, conforme lo resuelto por este Foro en Orsini García v. Srio. de Hacienda, supra. En consecuencia, solicitó se ordenara al Secretario de Hacienda reintegrarle la suma que solicitó en la planilla enmendada del 2007. Además, señaló que la determinación del Secretario de Hacienda era nula porque carecía de determinaciones de hechos y conclusiones de derecho que la sustenten.

El 15 de junio de 2010 el Departamento de Hacienda presentó una solicitud de desestimación en la que mantuvo su criterio de que el pago recibido por el señor Quiles Molina constituía ingreso tributable. En particular, señaló que la cuantía obtenida no correspondía a una indemnización por despido injustificado bajo los parámetros de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. sec. 185a et seq., ni bajo las leyes anti discrimen. Además,

indicó que los hechos del presente caso son posteriores a la aprobación de la Ley Núm. 117, supra y a las Determinaciones Administrativas 07-01 y 10-08 que la interpretan. Por último, sostuvo que lo resuelto en Orsini García v. Srio. de Hacienda, supra, no es de aplicación a este caso. Por ello, solicitó la desestimación de la demanda en virtud de la Regla 10.2 de Procedimiento Civil de 1979, supra.

El 16 de julio de 2010 el foro primario denegó la desestimación, y a su vez emitió una resolución en que ordenó a las partes exponer si lo resuelto en Orsini García v. Srio. de Hacienda, supra, disponía de la controversia.

Luego de escuchar los argumentos de ambas partes, el Tribunal de Primera Instancia determinó:

> Bajo *Orsini García v. Srio.*, 2009 TSPR 190, se dicta sentencia que declara Ha Lugar la demanda interpuesta y, en consecuencia, se ordena al Departamento de Hacienda 1) que bajo los hechos alegados en dicha demanda, se sirva cancelar cualquier deficiencia que le hubiere notificado al demandante y 2) que reintegre a este último aquellas sumas que resulten de la planilla de contribución sobre ingresos enmendada del año 2007 que presentó el 10 de julio de 2008 ($9,732.00), la que se incluyó como anejo "A" de la demanda, más intereses acumulados.

Apéndice, pág. 59.

Oportunamente, el Departamento de Hacienda solicitó reconsideración. El foro primario la denegó el 8 de noviembre de 2010. Insatisfecho, el Estado acudió ante el Tribunal de Apelaciones mediante recurso de apelación. El 22 de octubre de 2010 ese foro dictó una sentencia en que confirmó la determinación del Tribunal de Primera Instancia de que el pago que recibió el señor Ortiz Chévere en

concepto del acuerdo estaba exento de la contribución sobre ingresos.

Aun insatisfecho, el Estado recurre ante nos. Señala que el foro apelativo intermedio erró al resolver conforme lo pautado en Orsini García v. Srio. de Hacienda, supra, ya que el estado de derecho en que nos basamos para resolver ese caso cambió con la aprobación de la Ley Núm. 117, supra. Además, el Estado argumenta que el Tribunal de Apelaciones no aplicó la norma de deferencia que se le debe guardar a la interpretación que hace el Secretario de Hacienda de las leyes tributarias. Asimismo, aduce que es un principio firmemente arraigado que las leyes fiscales se deben interpretar en forma restrictiva.

El 17 de junio de 2011 este Tribunal acordó expedir el auto de certiorari. Además, lo consolidamos con el caso CC-2011-200 por tratarse de la misma controversia. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**CC-2011-369**

El Sr. José M. Molina Hernández era empleado de la entidad Pfizer Pharmaceuticals LLC (Pfizer). En el 2007 esa relación terminó. Como consecuencia de ello, el 28 de septiembre de 2007 el señor Molina Hernández y Pfizer suscribieron un "Acuerdo de Relevo" mediante el cual el patrono entregó al empleado $22,500.75 en concepto de indemnización. Del acuerdo referido no surgen las razones que motivaron la separación del empleo. Lo que se desprende del

documento es que el señor Molina Hernández eximió a Pfizer de todas las reclamaciones relacionadas con la terminación del empleo. Mediante ese acuerdo, Pfizer le otorgaría una compensación de $22,500, además de los salarios, bonos y las vacaciones acumuladas.

Tras firmar el acuerdo, el señor Molina Hernández recibió la suma pactada. Al rendir la planilla de ingresos para el año contributivo 2007, incluyó las cantidades recibidas de parte de Pfizer, lo que incluyó la compensación de $22,500. Posteriormente, el señor Molina Hernández enmendó su planilla de contribución sobre ingresos para excluir los $22,500 y, a su vez, solicitó reintegro por la cantidad de $5,431. Luego de varios trámites administrativos, el Secretario de Hacienda le notificó la denegatoria de su solicitud de reintegro.

En vista de lo anterior, el señor Molina Hernández instó una demanda ante el Tribunal de Primera Instancia en que solicitó el reintegro de la contribución sobre ingresos. En esencia, alegó que la compensación recibida constituyó una indemnización exenta de tributación, conforme lo resuelto en Robles Ortolaza v. U.P.R., 96 D.P.R. 583 (1968). Además, adujo que la indemnización que recibió fue en concepto de "leyes contra el discrimen" que no está sujeta al pago de contribución conforme la Sec. 1022(b)(42) del Código de Rentas Internas, 13 L.P.R.A. sec. 8422(b)(42), según interpretada por el Reglamento Núm. 5780 del Departamento de Hacienda de 3 de abril de 1998. Asimismo, señaló que conforme

a la Sec. 1022 (b)(5) del Código de Rentas Internas, supra, según enmendada por la Ley Núm. 117, supra, la indemnización no estaba sujeta a tributación por tratarse del pago de una enfermedad física -la depresión y ansiedad- causada por el despido. Por último, adujo que la decisión que emitió el Secretario de Hacienda era nula, debido a que no tenía determinaciones de hechos ni conclusiones de derecho, lo que alegadamente, redunda en una violación al debido proceso de ley en su vertiente procesal, porque impedía que el contribuyente pueda presentar alegaciones más específicas.

El Departamento de Hacienda presentó una moción de desestimación. Entendió que el pago recibido por el señor Molina Hernández era un ingreso tributable según la enmienda que se realizó al Código de Rentas Internas. Argumentó, además, que la cantidad recibida no constituía una indemnización por despido injustificado o discriminatorio. Por su parte, el señor Molina Hernández se opuso a la solicitud de desestimación.

El 11 de octubre de 2010 el Tribunal de Primera Instancia notificó una resolución mediante la cual declaró no ha lugar la moción de desestimación que presentó el Departamento de Hacienda. Fundamentó su determinación en lo resuelto en Orsini García v. Srio. de Hacienda, supra, y concluyó que la indemnización por despido otorgada de forma legal o contractual no es tributable.

Inconforme, el 3 de diciembre de 2010 el Departamento de Hacienda presentó una solicitud de certiorari ante el

Tribunal de Apelaciones. En ella, esbozó que el foro primario erró al resolver conforme a lo resuelto en Orsini García v. Srio. de Hacienda, supra, a pesar de que el estado de derecho en que se basó nuestra decisión en ese caso es distinto al que rige este caso, por virtud de la Ley Núm. 117, supra, que enmendó el Código de Rentas Internas. Además, el Departamento de Hacienda señaló que el Tribunal de Primera Instancia erró al resolver que la compensación concedida a un empleado por razón de su despido no es tributable, sustituyendo así el criterio de la Asamblea Legislativa en cuanto a las exenciones contributivas en nuestro ordenamiento, en claro conflicto con la norma de deferencia que cobija las interpretaciones que hace el Secretario de Hacienda de las leyes tributarias.

El 3 de marzo de 2011 el Tribunal de Apelaciones notificó una sentencia en la que expidió el auto de certiorari y confirmó la resolución recurrida. Expresó ese Tribunal que no procedía la desestimación de la demanda, ya que el foro primario debía continuar los procedimientos acorde con lo que estableció este Tribunal en Orsini García v. Srio. de Hacienda, supra. Esto es, utilizó los mismos fundamentos del foro primario, a saber: que la indemnización por despido no es tributable.

Por no estar conforme, el Departamento de Hacienda recurrió oportunamente ante este Tribunal. Reproduce los mismos argumentos que esgrimió ante el foro apelativo intermedio. El 19 de agosto de 2011 decidimos expedir el auto

de <u>certiorari</u>. Además, lo consolidamos con los casos CC-2011-200 y CC-2011-227 por tratarse de la misma controversia. Como el caso se encuentra sometido en los méritos, pasamos a resolver.

**CC-2011-448**

El Sr. Emilio López Borges era empleado de la compañía Pfizer Pharmaceuticals. Durante el 2007, esa compañía dio por terminada la relación laboral. Como parte de un plan de separación, ofreció al señor López Borges unos beneficios económicos como indemnización, a cambio de que suscribiera un acuerdo de separación y relevo total. Si se firmaba el acuerdo, el señor López Borges recibiría la suma total de $69,804.91 y a su vez, se relevaba a Pfizer de cualquier reclamación que pudiese surgir por incumplimiento de contrato, daños y perjuicios y leyes laborales, entre otros.

Firmado el acuerdo y finalizado el empleo, el 28 de septiembre de 2010 el señor López Borges recibió de Pfizer el pago de $69,804.91. Esa suma la incluyó inicialmente en su planilla contributiva del año 2007, pero la enmendó posteriormente para excluirla. Consecuentemente, solicitó al Secretario de Hacienda el reintegro de $18,115. Luego de varios trámites, el Secretario de Hacienda denegó la solicitud de reintegro.

El 27 de octubre de 2010 el señor López Borges, su esposa la Sra. María Colón González y la sociedad legal de bienes gananciales compuesta por ambos presentaron una demanda en que solicitaron el reintegro de contribución sobre

ingresos que, alegadamente, se pagó en exceso para el año contributivo 2007. Alegaron que la indemnización recibida no estaba sujeta al pago de contribución sobre ingresos, conforme a lo resuelto en Orsini García v. Srio. Hacienda, supra, y en la determinación administrativa 10-02 emitida por el Secretario de Hacienda el 20 de enero de 2010.

Por su parte, el 11 de enero de 2011 el Departamento de Hacienda presentó una solicitud de desestimación ante el foro primario en que adujo que el pago recibido por el señor López Borges era ingreso tributable y no representaba una indemnización. También, argumentó que debido a que mediante el acuerdo de relevo se concedieron al señor López Borges ciertas compensaciones económicas, ello impedía concluir que este había sido despedido de forma injustificada o discriminatoria, por lo que no podía considerarse entonces como un pago de mesada de conformidad con las disposiciones de la Ley Núm. 80 de 30 de mayo de 1976, 29 L.P.R.A. sec. 185a, et seq. Por tanto, procedía aplicar el inciso (1) de la Sec. 1142 del Código de Rentas Internas, 13 L.P.R.A. sec. 8542, según enmendado, el cual establece que cualquier compensación que represente o sustituya pérdidas de ingresos o salarios, constituye ingreso tributable. Finalmente, el Departamento de Hacienda arguyó que lo resuelto en Orsini García v. Srio. de Hacienda, supra, no era de aplicación debido a que el marco legal era distinto al de autos. Conforme a lo anterior, el Departamento de Hacienda solicitó

la desestimación de la demanda en virtud de la Regla 10.2 de Procedimiento Civil de 2009, 32 L.P.R.A., Ap. V.

El señor López Borges se opuso a la desestimación. Alegó que la controversia de derecho que presentaba este caso se circunscribía a determinar si la indemnización que recibió estaba exenta del pago de contribución sobre ingresos. Adujo que su despido mediante acuerdo de relevo constituyó un daño que repercutió en el aspecto moral y físico al igual que el adjudicado en Orsini García v. Srio. de Hacienda, supra.

Luego de evaluar los argumentos de las partes, el foro de Instancia emitió una resolución y declaró no ha lugar la moción de desestimación que solicitó el Departamento de Hacienda. Estimó que a los hechos de este caso le aplica lo resuelto en Orsini García v. Srio. Hacienda, supra.

Inconforme, el Departamento de Hacienda recurrió mediante petición de certiorari al Tribunal de Apelaciones. Imputó al foro primario errar en declarar sin lugar la moción de desestimación que presentó el Departamento de Hacienda bajo el fundamento de que en este caso aplicaba lo resuelto en Orsini García v. Srio. de Hacienda, supra. Indicó, además, que esa actuación ignoraba la Ley Núm. 117, supra, que hizo distinciones en las exclusiones de lo que constituye ingreso para fines contributivos.

Los señores López Borges y Colón González presentaron su alegato en oposición. Con el beneficio de la comparecencia de ambas partes, el Tribunal de Apelaciones emitió sentencia. En ella, confirmó el dictamen del foro primario que no permitió

la desestimación de la demanda. El foro apelativo intermedio sostuvo su decisión en que la exclusión del ingreso por ese tipo de indemnización quedó aclarada en Alvira v. SK & F Laboratories Co., 142 D.P.R. 803 (1997). De igual manera, indicó que no puede existir distinción entre indemnización para cubrir el sufrimiento o la angustia mental de la que se recibe por una lesión física personal, pues en cualquiera de los conceptos se busca remplazar un menoscabo personal.

Como el Departamento de Hacienda está insatisfecho con la sentencia que emitió el Tribunal de Apelaciones, recurre a este Foro. En esencia, repite los mismos argumentos que presentó ante el tribunal apelativo intermedio. El 7 de octubre de 2011 expedimos el auto de certiorari. De igual forma, lo consolidamos con los casos CC-2011-200, CC-2011-227, CC-2011-369, por tratarse de una controversia idéntica. Sin más trámite, resolvemos.

**CC-2011-742**

El matrimonio compuesto por el Sr. Enrique Adorno Bonilla y la Sra. Magdalena Figueroa Loarte fueron cesanteados en 2007 por su patrono Pfizer Pharmaceuticals. Ambos empleados otorgaron con Pfizer unos acuerdos de relevo y separación total. En virtud de esos acuerdos, Pfizer le otorgaría $77,688.44 al señor Adorno Bonilla y $34,865.15 a la señora Figueroa Loarte en concepto de compensación por las cesantías, menos las deducciones requeridas por las leyes y determinaciones administrativas aplicables. Las sumas recibidas eran adicionales a los salarios, bonos y vacaciones

acumuladas. Con el acuerdo, el matrimonio Adorno-Figueroa relevó a Pfizer de todas las reclamaciones relacionadas con la terminación de los empleos.

Tras firmar los acuerdos, el matrimonio recibió las sumas pactadas. Al rendir la planilla de contribución sobre ingresos para el año contributivo 2007, incluyeron las cantidades recibidas de parte de Pfizer. Posteriormente, enmendaron su planilla para excluir esas cantidades y, a su vez, solicitaron reintegro por la cantidad de $28,541. Luego de varios trámites administrativos, el Secretario de Hacienda denegó la solicitud de reintegro.

En vista de lo anterior, el matrimonio Figueroa-Loarte instó una demanda ante el Tribunal de Primera Instancia para exigir el reintegro de la contribución sobre ingresos. Los esposos alegaron que las compensaciones recibidas no estaban sujetas al pago de contribuciones sobre ingresos conforme a lo resuelto en Orsini García v. Srio. de Hacienda, supra. Además, adujeron que la mesada otorgada por despido injustificado y la indemnización por discrimen estaban exentas de tributación, por lo que se debía interpretar que las compensaciones recibidas por ellos también lo estaban. Por último, expusieron que se les violó el debido proceso de ley al no indicarse el fundamento de derecho en que el Secretario de Hacienda apoyó su determinación.

El Departamento de Hacienda presentó una moción de desestimación. En ella, expresó que los pagos recibidos por el matrimonio Adorno Figueroa eran ingresos tributables según

la enmienda realizada al Código de Rentas Internas mediante la Ley Núm. 117, _supra_. Argumentó, además, que las cantidades recibidas no constituían una indemnización por despido injustificado o discriminatorio. Por su parte, el matrimonio se opuso a la solicitud de desestimación.

Luego de que se celebró una vista argumentativa, el 22 de febrero de 2011 el Tribunal de Primera Instancia notificó una sentencia mediante la cual declaró con lugar la demanda del matrimonio Adorno-Figueroa. Fundamentó su determinación en _Orsini García v. Srio. de Hacienda_, _supra_. Asimismo, concluyó que las compensaciones recibidas estaban exentas, al igual que la indemnización recibida por un empleado público cesanteado a causa de la Ley Núm. 7-2009, mejor conocida como Ley Especial Declarando Estado de Emergencia Fiscal y Estableciendo Plan Integral de Estabilización Fiscal para Salvar el Crédito de Puerto Rico, 3 L.P.R.A sec. 8791 _et seq._ Cimentó su decisión en la Determinación Administrativa 10-02 del Secretario de Hacienda y la Sección 1022(b)(42) del Código de Rentas Internas, _supra_.

Inconforme, el Departamento de Hacienda acudió oportunamente al Tribunal de Apelaciones. En síntesis, señaló que el foro primario erró al resolver que la norma pautada en _Orsini García v. Srio. de Hacienda_, _supra_, gobernaba este caso y que además, era desacertado concluir que la compensación concedida a un empleado por razón de su despido no es tributable. De igual forma, indicó que el Tribunal de Primera Instancia obvió el hecho de que las leyes fiscales se

interpretan de forma restrictiva. Así las cosas, el Tribunal de Apelaciones notificó una sentencia en la que confirmó el dictamen del foro primario. Concluyó que los ingresos provenientes de ese tipo de acuerdo están exentos de tributar.

Por no estar conforme, el 13 de septiembre de 2011 el Departamento de Hacienda presentó una solicitud de certiorari ante este Tribunal. Plantea los mismos argumentos que expresó en los foros anteriores. Mediante Resolución de 16 de diciembre de 2011 ordenamos al matrimonio Adorno-Figueroa que en 30 días mostrara causa por la cual no se debía expedir el recurso. El matrimonio Adorno-Figueroa cumplió con lo que se requirió. Pasamos a resolver.

II

A. La controversia en estos casos consolidados se circunscribe a determinar si, acorde con nuestro ordenamiento jurídico **vigente**, son tributables las indemnizaciones que recibieron los recurridos por razón de los acuerdos de relevo firmados con sus antiguos patronos. Como se aprecia, tenemos que dilucidar una controversia que contiene unos hechos similares a los que dilucidamos en Orsini García v. Srio. de Hacienda, supra. Por ende, es menester examinar primero ese precedente para poder realizar nuestra labor cabalmente.

En Orsini García v. Srio. de Hacienda, íd., nos topamos con un contrato de transacción para transigir reclamaciones relacionadas con leyes laborales. En específico, el acuerdo de relevo imposibilitaba al Sr. Francisco Orsini García

reclamar cualquier derecho al amparo de las leyes laborales locales y federales en contra de su antiguo patrono Pfizer por la separación de empleo que ocurrió el 20 de octubre de 2003. A cambio de eso, la compañía Pfizer le otorgó una indemnización al señor Orsini García de $163,323.66. Aunque en primera instancia el señor Orsini García incluyó la indemnización como ingreso recibido, luego sometió una planilla enmendada para eliminar esa partida. Esencialmente, la contención del Departamento de Hacienda era que esa indemnización constituía ingreso tributable. Por el contrario, el señor Orsini García adujo que esa indemnización estaba exenta de tributar.

Luego de auscultar el derecho aplicable, expresamos que teóricamente la indemnización de $163,323.66 "constituye ingreso bruto según lo define la sección 1022 del Código de Rentas Internas de 1994". Íd., pág. 647. Sin embargo, a renglón seguido, señalamos que aplicaba la exclusión recogida en el inciso (b) (5) de la Sec. 1022, supra, por lo que procedía excluir del ingreso bruto "la indemnización que se obtiene como resultado de [un] despido". Íd.

Por su pertinencia, citamos la Sec. 1022 (b) (5), supra, según se encontraba vigente al momento que resolvimos Orsini García v. Srio. de Hacienda, supra:

> (5) Compensación por lesiones o enfermedad –
> Excepto en el caso de cantidades atribuibles a,
> pero no en exceso de, las deducciones concedidas
> bajo la sec. 8423(aa) (2) (p) de este título en
> cualquier año contributivo anterior, las cantidades
> recibidas por razón de seguros contra enfermedad o
> accidente o bajo leyes de compensaciones a obreros,
> como compensación por **lesiones personales o por**

> **enfermedad**, más el monto de cualquier indemnización recibida, en procedimiento judicial o en transacción extrajudicial, **por razón de dichas lesiones o enfermedad**, y en cantidades recibidas como pensión, anualidad o concesión análoga por **lesiones personales o enfermedad**, y por razón de incapacidad ocupacional y no ocupacional, incluyendo las que resulten del servicio activo en las fuerzas armadas de cualquier país.
> (Énfasis nuestro.)

De esa forma, amparándonos en que la compensación que recibe un obrero en este tipo de acuerdo constituye una lesión personal, concluimos que el señor Orsini García no tenía que tributar sobre esa partida.

Ahora bien, la transacción contributiva en controversia en Orsini García v. Srio. de Hacienda, supra, se efectuó el **20 de octubre de 2003**, cuando todavía no se había aprobado la Ley Núm. 117, supra. Consecuentemente, no existía controversia alguna sobre si la Ley Núm. 117, supra, cambió el estado de derecho. Tampoco había que dilucidar si un despido constituye una lesión física para fines contributivos.

En cambio, las controversias planteadas en los casos consolidados que hoy nos ocupan ocurrieron durante el año contributivo 2007. Por ello, en esta ocasión sí estamos llamados a auscultar cuál fue el efecto de la Ley Núm. 117, supra, respecto a la exención contenida en la Sec. 1022 (b) (5) de nuestro Código de Rentas Internas, supra.

B. Por virtud de la Ley Núm. 117, supra, la Asamblea Legislativa enmendó la Sec. 1022 (b) (5), supra, y especificó que **la indemnización por lesión física** es la que se excluye

del ingreso bruto. En lo que nos concierne, el inciso enmendado indica:

> Compensación por lesiones o enfermedad. Excepto en el caso de cantidades atribuibles a, pero no en exceso de, las deducciones concedidas bajo la sec. 8423(aa)(2)(P) de este título en cualquier año contributivo anterior, las cantidades recibidas por razón de seguros contra enfermedad o accidente o bajo leyes de compensaciones a obreros, como compensación por **lesiones físicas personales o por enfermedad física** (excepto las cantidades recibidas por un empleado, hasta el monto que dichas cantidades sean pagadas directamente por el patrono) más el monto de cualquier indemnización recibida, en procedimiento judicial o transacción extrajudicial, por razón de dichas lesiones o enfermedad, y cantidades recibidas como pensión, anualidad o concesión análoga por **lesiones físicas personales o enfermedad física**, y por razón de incapacidad ocupacional y no ocupacional, incluyendo las que resulten del servicio activo en las fuerzas armadas de cualquier país.(Énfasis nuestro.)

Con esa enmienda, el legislador limitó expresamente las indemnizaciones exentas a aquellas que se otorgan por razón de una lesión física. Adviértase, que antes de la enmienda de 2006, la exención hacía alusión a lesiones personales. La etiqueta difusa de "lesión personal" abarcaba sin duda alguna la indemnización que se otorga en ocasión de un acuerdo de relevo por reclamaciones laborales. Ahora bien, con la enmienda de 2006 el panorama cambió. En general, la actuación legislativa de enmendar indica que se busca cambiar la ley original ya sea para crear, ampliar, limitar o eliminar algún derecho. N. Singer y S. Singer, Statutes and Statutory Construction, 7ma. ed., West, 2009, Vol. 1a, Sec. 22:30, pág. 352. Por esa razón, se debe presumir que cualquier cambio

sustancial en el lenguaje de una ley implica que se alteró algún derecho. Íd., pág. 356.

Como vimos, el Legislador enmendó la Sec. 1022(b)(5), supra, y limitó la exención a aquellas lesiones físicas. Lo anterior lleva a concluir forzosamente que, debido al cambio en la ley, la controversia que presenta este caso es distinguible de la que atendimos en Orsini García v. Srio. de Hacienda, supra. En particular, hoy nos corresponde resolver si la indemnización que recibieron los recurridos por motivo de la separación de sus empleos se pude catalogar como una lesión física para fines contributivos.

### III

Nuestro esquema tributario proviene, en gran medida, del Código de Rentas Internas federal. 26 U.S.C. sec. 1 et seq. Por esa razón, procedemos a realizar un análisis de derecho comparado con la jurisdicción federal con el propósito de estudiar cómo esa jurisdicción ha aplicado el concepto "lesión física". Como siempre, tendremos presente que "[c]uando una de nuestras instituciones derive de determinada tradición jurídica, los precedentes de ésta tendrán valor persuasivo en esta jurisdicción, sin olvido de desarrollos valiosos en otros sistemas, aunque sujeto siempre a las realidades específicas de nuestro medio". Pueblo v. Rivera Cintrón, Op. de 19 de abril de 2012, 2012 T.S.P.R. 75, 2012 J.T.S. 88, 185 D.P.R. __ (2012), citando a Peña Clos v. Cartagena Ortiz, 114 D.P.R. 576, 588 (1983). Véase, además, R. E. Bernier y J. Cuevas Segarra, Aprobación e

Interpretación de las Leyes en Puerto Rico, 2da ed. Rev., San Juan, Publicaciones J.T.S., 1987, pág. 451.

Con la aprobación de la Ley Púb. Núm. 104-188 de 20 de agosto de 1996, 110 Stat. 1755, 1838-1839, se enmendó la Sec. 104(a)(2) del Código de Rentas Internas federal, 26 U.S.C. sec. 104(a)(2). El propósito de esa enmienda fue especificar que la indemnización por lesión física es la que se excluye del ingreso bruto. Véase, House of Representatives Conf. Rep. No. 737,100 Cong., 2d Sess. 301 (1996). Eso es muy similar a lo ocurrido en Puerto Rico con la Ley Núm. 117, supra. Con posterioridad a la enmienda de 1996, varios tribunales federales de apelaciones se han topado con controversias relacionadas a la interpretación del término "lesión física".

En Lindsey v. Commissioner, 422 F. 3d 684 (8vo Cir. 2005), el Tribunal Federal de Apelaciones para el Octavo Circuito tuvo que dilucidar si una indemnización de dos millones de dólares que se obtuvo producto de un acuerdo de transacción relacionado con la terminación de un trato comercial estaba exenta de tributar al amparo de la Sec. 104(a)(2) del Código Federal de Rentas Internas, supra. En su análisis, el foro apelativo estableció que aunque se presentó evidencia de que el contribuyente sufrió de hipertensión, impotencia periódica, insomnio, fatiga, indigestión ocasional e incontinencia urinaria, no se demostró que fuera a causa de una lesión o enfermedad física. Lindsey v. Commissioner, supra, págs. 688-689. Por el contrario, el Tribunal de Apelaciones entendió que esos síntomas respondieron a un

"estrés emocional" relacionado a la terminación del trato comercial. Íd., pág. 688. Como no se demostró que la indemnización que recibió el contribuyente fue a causa de una lesión o enfermedad física, el foro apelativo denegó la exención. El tribunal hizo hincapié en que tiene que haber un **vínculo causal directo** entre la indemnización recibida y el daño físico o enfermedad física resarcida. Íd.

Por su parte, el Tribunal Federal de Apelaciones para el Noveno Circuito tuvo que resolver una controversia relacionada en Rivera v. Baker West, Inc., 430 F.3d 1253 (9no Cir. 2005). Allí, se analizó si una indemnización que se recibió producto de un acuerdo para transigir reclamaciones de discrimen en el empleo y de despido injustificado calificaba como exención para fines de la Sec. 104(a)(2) del Código Federal de Rentas Internas, supra. Como paso inicial en el análisis, el tribunal citó la norma pautada en Commissioner v. Schleier, 515 U.S. 323, 336-337 (1995), conforme a la cual el contribuyente que busca que cierta indemnización se declare exenta tiene el peso de la prueba para demostrar que la exención aplica.

El tribunal concluyó que el contribuyente no pudo probar que la indemnización que recibió fue causada por lesiones o enfermedades personales. Rivera v. Baker West, Inc., supra, pág. 1256. Al igual que en Lindsey v. Commissioner, supra, el Tribunal de Apelaciones expresó en Rivera v. Baker West, Inc., supra, 1257, que tiene que existir un **vínculo causal directo** entre la indemnización recibida y el daño físico o

enfermedad física resarcida. Además, ese foro sostuvo que se deben estudiar dos factores a la hora de examinar si la indemnización que se recibe por razón de acuerdos de relevo está exenta de tributación al amparo de la Sec. 104(a)(2) del Código Federal de Rentas Internas, supra. El primer factor es auscultar el acuerdo para ver si establece expresamente que se resarcen lesiones o enfermedades físicas. Rivera v. Baker West, Inc., supra, pág. 1257. Véase, además, Pipitone v. United States, 180 F 3d. 859, 863 (7mo. Cir. 1999). El segundo opera cuando el acuerdo no contiene un lenguaje expreso, por lo que es necesario analizar la intención de quien hace la indemnización para auscultar si lo hace para resarcir lesiones o enfermedades físicas. Rivera v. Baker West, Inc., supra, pág. 1257. Por último, se indicó que si lo anterior no se puede probar, no aplica la exención de impuestos. Íd.

A una conclusión similar arribó el Tribunal Federal de Apelaciones para el Segundo Circuito en la sentencia no publicada Tamberella v. Commissioner, 139 Fed. Appx. 319 (2do Cir. 2005). En ese caso, mediante una indemnización se transigió el derecho del contribuyente a solicitar reinstalación en su empleo, entre otras reclamaciones laborales. Por entender que la indemnización recibida no fue a causa de una lesión física, el tribunal concluyó que la indemnización debía tributar.

De otro lado, en Murphy v. IRS, 493 F.3d 170 ( D.C. Cir. 2007), el Tribunal Federal de Apelaciones para el Distrito

de Columbia tuvo que auscultar si una indemnización que se recibió en una acción administrativa para compensar daños causados por estrés emocional y pérdida de reputación eran lesiones físicas al amparo de la Sec. 104(b)(2) del Código Federal de Rentas Internas, supra. La prueba presentada evidenció que la contribuyente sufrió lesiones somáticas y emocionales. Murphy v. IRS, supra, pág. 172. Los registros médicos y dentales que demostraron que la contribuyente rechinaba los dientes a menudo, lo que podía conllevar daño permanente a estos. Íd. También, se presentó prueba de que la contribuyente sufría de otras manifestaciones físicas del estrés, que incluían ataques de ansiedad, falta de aliento y mareos. Íd.

Luego de evaluar los argumentos de las partes, el Tribunal de Apelaciones Federal para el Distrito de Columbia sostuvo que la indemnización tenía que tributar. Fundamentó su contención en que las lesiones resarcidas fueron por las angustias mentales, el estrés emocional y la perdida de reputación que sufrió la contribuyente. Además, sostuvo que si bien se pasó prueba de bruxismo, el vínculo causal directo no fue ese. Íd., pág. 176. Por ello, concluyó que la indemnización en controversia era tributable.

A un raciocinio análogo arribó el Tribunal Federal de Apelaciones para el Décimo Circuito en Johnson v. United States, 76 Fed. Appx. 873 (10mo Cir. 2003). En ese caso, se concluyó que una indemnización judicial recibida al amparo de la Ley Federal conocida como *Americans with Disabilities*

*Act*, 42 U.S.C. secs. 12101-12213, era tributable porque su vínculo causal directo era la conducta discriminatoria del empleador y no lesiones físicas del contribuyente.

IV

A. En los casos consolidados que nos ocupan, el Departamento de Hacienda sostiene que la indemnización que recibieron los recurridos por los acuerdos de relevo pactados con sus antiguos patronos no constituye una lesión o enfermedad física. Al ser así, el Departamento de Hacienda aduce que no aplica la exención establecida en la Sec. 1022 (b)(5), por lo que corresponde a los recurridos tributar por esas indemnizaciones. Por su parte, los recurridos sostienen lo contrario. Luego de evaluar detenidamente los argumentos esgrimidos por las partes y el derecho aplicable, es forzoso concluir que al Departamento de Hacienda le asiste la razón.

Reiteramos recientemente que las leyes contributivas "deben recibir una interpretación razonable que tienda a llevar a efecto el propósito y la intención del legislador". Lilly Del Caribe v. CRIM, Op. de 3 de abril de 2012, 2012 T.S.P.R. 65, 2012 J.T.S. 78, 185 D.P.R. __ (2012), citando a Licorería Trigo, Inc., v. Srio. de Hacienda, 94 D.P.R. 270, 279 (1967). De igual forma, hemos señalado constantemente que las legislaciones tributarias "no se habrán de interpretar de forma extensiva, sino que se deberán interpretar de una forma justa, y a tenor con sus propios y expresos términos". Yiyi Motors, Inc. v. E.L.A., 177 D.P.R. 230, 250 (2009). Véase, además, Talcott Inter-Amer. Corp. v. Registrador, 104 D.P.R.

254, 263 (1975). Sin embargo, no podemos interpretar una ley contributiva de manera que facilite la evasión de tributos que la Asamblea Legislativa ha establecido. Lilly Del Caribe v. CRIM, supra, pág. 13. Véase, además, West India Oil Co. (P.R.) v. Sancho Bonet, Tes., 54 D.P.R. 732, 744-745 (1939).

Por su parte, hemos definido las exenciones contributivas como "aquellas normas de aplicación especial que establecen que una norma tributaria general no aplica a ciertos supuestos de hecho que delimitan y que, como resultado, impiden que se deriven los efectos jurídicos de ésta, o sea, impiden que nazca la obligación tributaria". Interior Developers v. Mun. de San Juan, 177 D.P.R. 693, 707 (2009). De esa manera, como las exenciones son normas especiales que niegan los efectos de las normas tributarias, su interpretación no debe extenderse más allá de los términos expresos y exactos del estatuto que las otorga y toda duda debe resolverse en contra de su existencia. Danosa Caribbean, Inc. v. Negociado de Asistencia Contributiva y Consultas Especializadas, Op. de 22 de junio de 2012, 2012 T.S.P.R. 105, 2012 J.T.S. 118, __ D.P.R. __ (2012); IFCO Recycling v. Aut. Desp. Sólidos, Op. de 27 de febrero de 2012, 2012 T.S.P.R. 35, 2012 J.T.S. 48, 184 D.P.R. __ (2012); Café Rico, Inc. v. Mun. de Mayagüez, 155 D.P.R. 548, 559-560 (2001). Véanse, además, N. Singer y S. Singer, Statutes and Statutory Construction, 7ma. ed., West, 2010, Vol. 3A, sec. 66.9, págs. 93-103; R. Elfren Bernier y J. Cuevas Segarra, Aprobación e Interpretación de las Leyes en Puerto Rico, 2da

ed. Rev., San Juan, Publicaciones J.T.S., 1987, págs. 464-465.

Las exenciones contributivas deben interpretarse de forma que la intención legislativa no se frustre. Pfizer Pharm. v. Mun. de Vega Baja, 182 D.P.R. 267, 279 (2011). Es decir, aun cuando "las leyes fiscales deben ser interpretadas restrictivamente, las mismas *tienen que ser interpretadas en forma jurídica y razonable*, teniendo en mente el propósito e intención general del legislador al aprobarlas". Roque González & Co. v. Srio. de Hacienda, 127 D.P.R. 842, 856-857 (1991) (Énfasis en el original).

Tal como señala al unísono la jurisprudencia federal  -que resulta ser altamente persuasiva en este caso- para que proceda una exención al amparo de la Sec. 104(b)(2) del Código Federal de Rentas Internas, supra, muy similar a la Sec. 1022(b)(5) de nuestro Código de Rentas Internas, supra, es necesario que el contribuyente demuestre un vínculo causal directo entre la indemnización concedida y la lesión física. Además, de la casuística federal citada se desprende que el despido no constituye de por sí una lesión física que califique para la exención recogida en la Sec. 104(b)(2) del Código de Rentas Internas, supra, análoga a la Sec. 1022(b)(5) de nuestro Código, supra. En todos los casos analizados, se presentaron síntomas asociados al desasosiego que causa un despido tales como depresión, ansiedad e insomnio, entre otros. No obstante, se resolvió diáfanamente que esos síntomas no constituían un vínculo causal directo

de la lesión resarcida -el despido- por lo que no procedió la exención en ninguno de ellos.

De igual forma y a base del canon de interpretación que requiere que interpretemos las exenciones contributivas de forma restrictiva, concluimos que las indemnizaciones concedidas a los recurridos en estos casos consolidados no se encuentran exentas de tributar al amparo de la Sec. 1022(b)(5) del Código de Rentas Internas, supra. Claramente no se concedieron para resarcir una lesión física.

Somos plenamente conscientes de que el despido causa severas angustias mentales al empleado cesanteado y a su familia. Sin embargo, no podemos por ello equiparar las angustias mentales a las lesiones físicas. Concluir que la Asamblea Legislativa no quiso desligar una de la otra sería decir que la enmienda legislativa de 2006 es un acto superfluo. Como se sabe, a la legislatura no se le atribuyen ejercicios inútiles. Lilly Del Caribe v. CRIM, supra, pág. 17; ASG v. Mun. San Juan, 168 D.P.R. 337, 348 (2006); Talcott Inter-Amer. Corp v. Registrador, 104 D.P.R. 254 (1975).

B. Los recurridos mencionan en sus alegatos varios señalamientos que requieren nuestra atención para evitar distorsionar la norma que hoy pautamos.

En primer lugar, los recurridos aducen que lo resuelto en Robles Ostolaza v. U.P.R., supra, dispone de la controversia a favor de ellos. Un análisis somero basta para concluir lo contrario. Allí, la controversia estribaba en

resolver si la compensación que recibe un cónyuge por concepto de daños y perjuicios físicos y morales es un bien privativo o ganancial. Luego de analizar el derecho aplicable, resolvimos que la indemnización por daños no está sujeta a contribución. Íd., págs. 595-596. Sin embargo, en ese caso interpretamos la Sec. 22 del entonces vigente Código de Rentas Internas de 1954, Ley Núm. 91 de 29 de junio de 1954, según enmendada, 13 L.P.R.A. sec. 3022. Esa sección hacía alusión al término lesión personal y no lesión física. Por ende, la norma allí pautada es inaplicable a la controversia ante nos.

En segundo lugar, argumentan los recurridos que en virtud de la Sec. 1022(b)(42), del Código de Rentas Internas, supra, procede declarar exentas las indemnizaciones en controversia. Ese precepto exceptúa del ingreso bruto "las cantidades recibidas por concepto de compensación por desempleo bajo una ley de los Estados Unidos, de un estado de la Unión, o del Estado Libre Asociado de Puerto Rico". Como se puede apreciar, esa sección se refiere al beneficio que se otorga por **desempleo** al amparo de la Ley Núm. 74 del 21 de junio de 1956, según enmendada, conocida como Ley de Seguridad de Empleo de Puerto Rico, 29 L.P.R.A. sec. 701 *et seq.* y no por una indemnización relacionada a un **despido**. Por esa razón, en Orsini García v. Srio. de Hacienda, supra, fundamentamos nuestro dictamen en la Sec. 1022(b)(5) y no en la Sec. 1022(b)(42) del Código de Rentas Internas.

El tercer señalamiento que hacen los recurridos es que nuestra decisión en Alvira v. SK & F Laboratories Co., supra, lleva a la conclusión inevitable de que las indemnizaciones que nos ocupan están exentas de tributar. En lo pertinente, resolvimos en Alvira v. SK & F Laboratories Co., supra, pág. 812, que la indemnización "que provoca el despido injustificado no está sujeta a descuento de nómina alguno, incluyendo el del seguro social federal". Quedó meridianamente claro en Orsini García v. Srio. de Hacienda, supra, pág. 633, "que el que una partida sea exenta de la retención contributiva en el origen, porque no constituye salario, no implica que también resultará exenta de contribución". Consecuentemente, es inmeritorio el señalamiento de los recurridos en ese aspecto.

En cuarto lugar, los recurridos indican que la Ley Núm. 278-2008, que enmendó el Art. 10 de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. sec. 185j, aclaró la controversia ante nos al establecer que la compensación

> entregada a un obrero por concepto de liquidación o cierre de negocios, o programas empresariales para compartir ganancias con los empleados cuando el despido de éste se fundamente en las razones expuestas en los incisos (d), (e) y (f) de la sec. 185b de este título, estará libre del pago de contribuciones sobre ingresos, pero podrá incluir aquellos otros descuentos acordados por el patrono y el empleado.

De entrada, conviene advertir que la Ley Núm. 278, supra, entró en vigor el 15 de agosto de 2008, con posterioridad a que se firmaran los acuerdos de relevo entre los empleados recurridos y sus patronos. Ausente una

cláusula de retroactividad en la ley aludida, debemos concluir con rigor que ella no aplica a los hechos que nos ocupan. Art. 3 del Código Civil, 31 L.P.R.A. sec. 3. Basta puntualizar que la Ley Núm. 278, supra, es muy limitada pues solo exime de tributar a ciertas indemnizaciones en específico. Cualquier expresión adicional nuestra sobre el alcance de la Ley Núm. 278, íd., constituiría obiter dictum. Rechazamos acceder a ello.

De igual forma, los recurridos invocan ciertas expresiones en la Opinión del Tribunal en Orsini García v. Srio. de Hacienda, supra, que constituyen puro obiter dictum. Nuestras expresiones daban a entender que como no se pueden deslindar los efectos morales y físicos de un despido, la indemnización por ese concepto no es tributable. Orsini García v. Srio. de Hacienda, supra, pág. 647. Añadimos que la enmienda establecida mediante la Ley Núm. 117-2006, supra, no alteraba nuestra conclusión. Íd., pág. 640 esc. 96.

Según mencionamos en Ortiz v. Panel F.E.I., 155 D.P.R. 219, 252 (2001), el concepto obiter dictum "aplica cuando un tribunal emite expresiones innecesarias en un caso o una controversia ante sí, y acerca de interrogantes jurídicas que, propiamente, no le han sido planteadas". (Énfasis en el original.) En esencia, no existe efecto vinculante en una expresión que constituye obiter dictum. Por el contrario, el "obiter dictum emitido por un tribunal simplemente se debe tener por no puesto, ya que no constituye parte necesaria del

fallo, sino que muchas veces son meras expresiones judiciales excesivas e innecesarias". Íd., pág. 253.

En Orsini García v. Srio. de Hacienda, supra, concluimos que la compensación que recibe un obrero en un acuerdo de compensación por su despido, constituye una lesión personal. Por eso, resolvimos que según la ley vigente cuando ocurrieron los hechos del caso, el señor Orsini García no tenía que tributar sobre esa partida. Ese fue el *ratio decidendi*. En cambio, las expresiones en las que se amparan los recurridos no eran necesarias para resolver la controversia y no fueron el fundamento para decidir. Por lo tanto, son *obiter dicta*, es decir, no son vinculantes.

Por último, los recurridos esbozan que el Departamento de Hacienda es inconsistente en la aplicación de las exenciones que consagra la Sec. 1022, supra. En específico, señalan que el Departamento de Hacienda no los eximió de tributar por los acuerdos firmados con sus patronos, pero que mediante la Determinación Administrativa 10-02 de 20 de enero de 2010, si eximió de tributación los incentivos otorgados a los empleados públicos cesanteados por la Ley Núm. 7, supra. Nuevamente, la contención de los recurridos no es correcta porque el Art. 36 de la Ley Núm. 7, íd., 3 L.P.R.A. sec. 8794, dispone que "el pago de incentivo económico antes descrito en esta cláusula estará libre del pago de contribución sobre impuestos". En esa situación, la exención procede porque el legislador se manifestó inequívocamente. Art. 14 del Código Civil, 31 L.P.R.A. sec.

14. No hay una disposición de ley similar que exima de tributo los ingresos que recibieron los recurridos.

V

En los recursos ante nuestra consideración, tanto el foro primario como el apelativo intermedio concluyeron que las indemnizaciones que recibieron los señores Ortiz Chévere, Quiles Molina, Molina Hernández, López Borges y el matrimonio Adorno-Figueroa estaban exentas de contribuciones conforme lo resuelto Orsini v. Srio. de Hacienda, supra. Por los fundamentos expuestos anteriormente, concluimos que ambos tribunales se equivocaron.

Los acuerdos de relevo que firmaron los recurridos con sus antiguos patronos en estos casos consolidados se hicieron con el propósito de transigir cualquier reclamación obrero patronal que pudiese surgir al amparo de las leyes laborales existentes. Como sostuvimos en el acápite anterior, la lesión que se resarce en esos acuerdos, no es una lesión física para efectos de la Sec. 1022(b)(5) del Código de Rentas Internas, supra, después de la enmienda hecha por la Ley Núm. 117-2006, supra. Por el contrario, en esos acuerdos se buscó remediar el sufrimiento emocional y moral que provoca el despido. Puede ser que en algún caso en particular, el sufrimiento emocional y moral que provoca un despido cause algún quebranto físico. Sin embargo, ese quebranto físico ocasional **no** es el vínculo causal directo por el cual se hizo la indemnización en estos casos consolidados.

En conclusión, resolvemos que para fines de la Sec. 1022, <u>supra</u>, constituye ingreso **no exento de contribución** la indemnización producto de un acuerdo de relevo otorgado con el propósito de transigir cualquier reclamación obrero patronal que pudiese surgir al amparo de las leyes laborales existentes.

Así pues, no proceden los reintegros que solicitaron los señores Ortiz Chévere, Quiles Molina, Molina Hernández, López Borges y el matrimonio Adorno-Figueroa. En su lugar, procede confirmar la decisión del Departamento de Hacienda que concluyó acertadamente que las indemnizaciones en controversia deben tributar.

VI

Por los fundamentos señalados, se revocan los dictámenes del Tribunal de Apelaciones en los recursos CC-2011-200, CC-2011-227, CC-2011-369 y CC-2011-448. Además, se expide el auto de <u>certiorari</u> en el caso CC-2011-742, se consolida con los recursos CC-2011-200, CC-2011-227, CC-2011-369 y CC-2011-448 y se revoca la decisión del Tribunal de Apelaciones.

Se dictará Sentencia de conformidad.

RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Baltazar Ortiz Chévere

Recurrido

v.

Juan C. Puig Morales, Secretario de Hacienda; Estado Libre Asociado de Puerto Rico

Peticionario
_____

Armando Quiles Molina

Recurrido

v.

Juan C. Puig Morales, Secretario de Hacienda; Estado Libre Asociado de Puerto Rico

Peticionario
_____

José M. Molina Hernández

Recurrido

v.

Juan C. Puig Morales, Secretario de Hacienda; Estado Libre Asociado de Puerto Rico

Peticionario
_____

Emilio López Borges, María D. Colón González y la Sociedad Legal de Gananciales por ellos constituida

Recurridos

v.

Juan C. Puig Morales, Secretario de Hacienda; Estado Libre Asociado de Puerto Rico

Peticionario
_____

CC-2011-0200
CC-2011-0227
CC-2011-0369
CC-2011-0448
CC-2011-0742

Enrique   Adorno   Bonilla,
Magdalena Figueroa Loarte y
la   Sociedad    Lega    de
Gananciales    por    ellos
compuesta

      Recurridos

        v.

Juan    C.    Puig   Morales,
Secretario   de   Hacienda;
Estado  Libre  Asociado  de
Puerto Rico

      Peticionario

_____

_____

SENTENCIA

En San Juan, Puerto Rico, a 11 de octubre de 2012.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, se revocan los dictámenes del Tribunal de Apelaciones en los recursos CC-2011-200, CC-2011-227, CC-2011-369 y CC-2011-448. Además, se expide el auto de certiorari en el caso CC-2011-742, se consolida con los recursos CC-2011-200, CC-2011-227, CC-2011-369 y CC-2011-448 y se revoca la decisión del Tribunal de Apelaciones.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal. Las Juezas Asociadas señoras Rodríguez Rodríguez y Pabón Charneco concurrieron con el resultado sin opinión escrita. La Jueza Asociada señora Fiol Matta disintió con la siguiente expresión:

> Reitero las expresiones que hiciéramos en *Orsini García v. Srio. de Hacienda*, 177 D.P.R. 596 (2009), en cuanto a que la compensación recibida por el empleado mediante un contrato de transacción al ser separado de su empleo constituye una mesada bajo la Ley de Despido Injustificado, Ley Núm. 80 del 30 de mayo de 1976, según enmendada. Allí concluimos que la indemnización recibida como resultado de una obligación patronal, sea contractual o legal, no es tributable ya que su finalidad es reparar el daño provocado por la pérdida del empleo, *Id.*
>
> El caso de autos presenta una situación de hechos indistinguible de la del caso de *Orsini*. Los

acuerdos de relevo firmados por los aquí recurridos contienen el mismo tipo de disposiciones que analizáramos en *Orsini*. En ese caso determinamos que el Acuerdo de Relevo firmado por Orsini García y su patrono era un contrato de transacción y que el pago recibido por el empleado constituyó el pago de la mesada bajo la Ley Núm. 80. Resulta forzoso concluir que las compensaciones recibidas por Ortiz Chévere, Quiles Molina, Molina Hernández, Adorno Bonilla, López Borges y Colón González constituyeron el pago de la "mesada".

La interpretación que hace la mayoría sobre el estado de derecho vigente al momento de la firma de los acuerdos de relevo no logra conciliar la enmienda al Código de Rentas Internas con la finalidad reparadora de la Ley Núm. 80 y la intención legislativa de proteger a los trabajadores, que hemos sostenido a través de nuestra jurisprudencia y reafirmamos en *Orsini*. La mayoría se centra en el análisis de la enmienda a la sección 1022(b)(5) del Código de Rentas Internas de 1994, Ley Núm. 117 del 4 de julio de 2006 obviando nuestras interpretaciones sobre la legislación protectora del trabajo. Al concluir que la indemnización recibida por los recurridos no constituye una lesión o enfermedad física y que, por ende, no le aplica la exención establecida en la sección 1022(b)(5), la mayoría deja desprotegidos a aquellos empleados que elijan firmar un contrato de transacción para evitar los gastos y las molestias que generaría un litigio bajo la Ley Núm. 80. Por entender que la indemnización recibida mediante un contrato de transacción bajo la Ley Núm. 80 debe recibir el mismo trato contributivo que la indemnización recibida como resultado de un proceso judicial y que la compensación especial por cesantía o por años de servicios ("severance payment"), disiento.

El Juez Presidente señor Hernández Denton disintió sin opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo