**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JACK A. RIVERA,
                *Plaintiff-Appellant,*

v.

BAKER WEST, INC., an Arizona
corporation; BAKER CONCRETE
CONSTRUCTION, INC., an Arizona
corporation, dba Baker Concrete,
Inc.,
                *Defendants-Appellees.*

No. 03-17261

D.C. No.
CV-02-02082-EHC

OPINION

Appeal from the United States District Court
for the District of Arizona
Earl H. Carroll, District Judge, Presiding

Submitted June 17, 2005*
San Francisco, California

Filed December 13, 2005

Before: Richard C. Tallman, Jay S. Bybee, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Bybee

---

*The panel finds this case appropriate for submission without oral argument pursuant to FED. R. APP. P. 34(a)(2).

**COUNSEL**

William D. Howell III, The Howell Law Firm, LLC, Phoenix, Arizona, for the plaintiff-appellant.

Rebecca Winterscheidt, and Leslie A. Smith, Snell & Wilmer, LLP, Phoenix, Arizona, for the defendants-appellees.

**OPINION**

BYBEE, Circuit Judge:

Jack Rivera ("Rivera") appeals the district court's order dismissing his suit against Baker Concrete Construction, Inc. ("Baker"). Rivera argues that Baker improperly withheld approximately fifteen thousand dollars in state and federal employment taxes from a check that was paid to settle his claim for unlawful workplace discrimination and wrongful termination and, therefore, that the district court erred in dismissing the suit on the basis of the settlement. Rivera's argument is twofold: first, he argues that the settlement proceeds paid by Baker were intended to reimburse Rivera for personal physical injuries and should therefore be excluded from his gross income under 26 U.S.C. § 104(a)(2); second, he argues that, even assuming the settlement proceeds represent lost wages, an award of back pay under Title VII is not subject to income tax withholding.

We conclude that the district court did not clearly err in finding that the settlement proceeds were not intended to compensate for personal physical injuries, but instead represented lost wages. Because the district court reasonably classified the settlement proceeds as back pay, the district court properly held that Rivera's settlement proceeds were subject to withholding. Accordingly, we affirm the district court's decision granting Baker's motion to dismiss.

## I.   FACTS AND PROCEEDINGS

In October 2002, Rivera filed a complaint against Baker alleging: (1) that he was subjected to a hostile work environment as a result of discrimination based on his race and national origin; (2) that he was wrongfully terminated by Baker; and (3) that his employer subsequently provided unfavorable references, all in violation of 42 U.S.C. §§ 1981, 1983, 1985, 2000e-2, 2000e-3, and 2000e-16. The parties

appeared before a magistrate judge for a settlement conference and reached a settlement agreement. The executed settlement agreement provided in Section I that Baker would pay Rivera the "sum of forty thousand ($40,000) less all lawfully required withholdings."

Baker issued Rivera a check in the amount of $25,140, retaining $14,860 as a "lawfully required withholding." The amount withheld included $10,000 in federal income tax, $3,060 in Federal Insurance Contributions Act ("FICA") tax, and $1,800 in state income tax. Baker then filed a motion for dismissal with prejudice because Rivera cashed the $25,140 settlement check but had not dismissed his claims. Rivera opposed the motion, arguing that the settlement terms were not defined in the agreement, and that taxes should not have been withheld. Rivera requested that the district court enforce the settlement agreement and order Baker to pay the withheld settlement amount to Rivera.

The district court granted Baker's motion to dismiss. The court found that "the settlement agreement signed by both parties [did] not state whether the settlement sum constituted payment for lost wages or back pay." It also found that Rivera's complaint did not allege damages for "emotional distress or any other exception that would warrant classifying the settlement sum as anything other than an award for back pay." The court concluded that the settlement sum was lawfully classified as taxable wages and that Baker's withholding was proper. This appeal followed.

## II.   STANDARD OF REVIEW

We review questions of law de novo, *Milenbach v. Commissioner*, 318 F.3d 924, 930 (9th Cir. 2003), and review findings of fact for clear error, *Nunes v. Mueller*, 350 F.3d 1045, 1051 (9th Cir. 2003).

## III.   DISCUSSION

Rivera makes two principal arguments: (1) that the district court improperly found that the parties' settlement represented back pay because it encompassed emotional distress and mental anguish allegedly suffered as a result of Baker's conduct, and (2) that the district court erred because lost wages recovered under Title VII are not subject to income tax withholding. We discuss each in turn.

### A.   *Classifying Settlement Proceeds As Income*

**[1]** The Internal Revenue Code defines gross income as "all income from whatever source derived," except as excluded by other provisions of the Code. 26 U.S.C. § 61(a) (2004). Section 104(a)(2) provides an exclusion for "the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal *physical* injuries or *physical* sickness." 26 U.S.C. § 104(a)(2) (emphasis added); *see also* 26 C.F.R. § 1.104-1(c). The italicized language of the § 104(a)(2) exclusion was added by the Small Business Job Protection Act of 1996, Pub. L. 104-188, § 1605, to make clear that only damages for physical injuries or sickness, and not damages for emotional distress, were excluded from the definition of income. *See Mayberry v. United States*, 151 F.3d 855, 858 n.2 (8th Cir. 1998). Prior to this amendment, the Supreme Court held in *Commissioner v. Schleier*, that a taxpayer seeking to exclude money damages from income bears the burden of proving that the exclusion applies. 515 U.S. 323, 336-37 (1995) (involving damages received pursuant to a settlement agreement disposing of the plaintiff's age discrimination claims).

**[2]** The 1996 amendment does not affect the allocation of the burden of proof discussed in *Schleier*. Thus, in order for Rivera's settlement proceeds to qualify for a § 104(a)(2) exclusion, he must show that: (1) "the underlying cause of

action giving rise to the recovery is 'based upon tort or tort type rights;' " and (2) "the damages were received 'on account of personal [physical] injuries or [physical] sickness.' " *Schleier*, 515 U.S. at 337 (alteration added) (quoting *United States v. Burke*, 504 U.S. 229, 234 (1992)). We conclude that Rivera has failed to satisfy the second requirement, that the damages were received on account of personal physical injuries or physical sickness, and therefore do not address whether the post-1991 version of Title VII contemplates the types of damages associated with tort and tort-like claims.[1]

**[3]** The second requirement of the *Schleier* test "can only be satisfied if there is 'a direct causal link' between the damages and the personal injuries sustained." *Banaitis v. Comm'r*, 340 F.3d 1074, 1080 (9th Cir. 2003) (quoting *Fabry v. Comm'r*, 223 F.3d 1261, 1270 (11th Cir. 2000)), *abrogated on other grounds by Comm'r v. Banks*, 543 U.S. 426 (2005). Thus, when damages are paid through a settlement agreement, we will look first to the underlying agreement to determine whether it expressly states that the damages compensate for "personal physical injuries or physical sickness" under § 104(a)(2). *See Pipitone v. United States*, 180 F.3d 859, 863 (7th Cir. 1999). If the agreement lacks express language specifying the purpose of the compensation, we will then examine the intent of the payor. *See id.* at 864; *Kurowski v. Comm'r*, 917 F.2d 1033, 1036 (7th Cir. 1990); *Knuckles v. Comm'r*, 349 F.2d 610, 613 (10th Cir. 1965). The payor's intent can be "based on all the facts and circumstances of the case, including the complaint that was filed and the details surrounding the litigation." *Allum v. Comm'r*, 90 T.C.M. (CCH) 74 (2005).

**[4]** First, examining the agreement, we conclude that it

---

[1]Congress amended Title VII in the Civil Rights Act of 1991, Pub. L. 102-166, § 1745, to provide non-economic based remedies. In *United States v. Burke*, 504 U.S. 229, 241 (1992), the Supreme Court held that the pre-1991 version of Title VII did not contemplate the types of damages associated with tort and tort-like claims.

does not expressly state that the damages paid to Rivera compensate for personal physical injuries or physical illness. Rivera has not pointed to a provision of the agreement that supports a contrary conclusion. The settlement agreement lists only the amount of the settlement and does not describe the specific personal injuries Rivera may have sustained. To the extent the agreement betrays the nature of the settlement, the inferences run against Rivera or, at best, are neutral. The settlement agreement provides that Baker would pay Rivera $40,000 "less all lawfully required holdings." If, as Rivera claims, the $40,000 compensated him for personal physical injuries or physical sickness, the phrase "less all lawfully required holdings" is not only surplusage, but quite misleading. The phrase, however, is entirely consistent with Baker's insistence that the settlement compensated Rivera for back pay. Nevertheless, the settlement agreement falls short of expressly identifying the nature of the injuries redressed.

[5] Second, if there is no express evidence of the parties' intent in the settlement agreement, we look to the intent of the payor. Baker argues that it did not intend the award to compensate for personal physical injuries or physical sickness, but rather to dispose of Rivera's back pay claim. Once again, Baker points to language in the settlement agreement stating that Baker would pay Rivera $40,000 "less all lawfully required withholdings." This language is the best (and only) available evidence of the payor's intent, save Rivera's bare assertion to the contrary, and it suggests that Baker intended some or all of the damages to constitute back pay. For reasons stated above, the inference is a reasonable one: "[t]he withholding of taxes is a significant factor suggesting the employer intended a payment to constitute severance pay." *Pipitone*, 180 F.3d at 864 (citing *Nagourney v. Comm'r*, 57 T.C.M. (CCH) 954, 957 (1989), *aff'd without published opinion*, 904 F.2d 700 (4th Cir. 1990)). While this provision is not conclusive proof of Baker's intent, the agreement's failure to specify an amount attributable to personal injuries creates a presumption that Baker intended that the amount constitute

back pay, and, therefore, the entire amount is not excludible. *Id.* at 864-65 (quoting *Wise v. Comm'r*, 75 T.C.M. (CCH) 1514, 1517 (1998)). Rivera has failed to present evidence to rebut this presumption.[2]

**[6]** We hold that the district court properly found that the settlement agreement encompassed only damages for lost wages. We therefore conclude that the district court did not clearly err by classifying the settlement proceeds as lost wages not entitled to a § 104(a)(2) exclusion.

## B. *Withholding Taxes from Settlement Proceeds*

Rivera argues that, even if his settlement award was income to him, awards for back pay under Title VII are not subject to income tax withholding. We disagree, and hold that the settlement proceeds paid to compensate Rivera for his lost wages are subject to income tax withholding.

---

[2]Rivera argues that his discrimination claim was a "personal injury claim" and that Baker knew or should have known of the nature of his claim, but the record offers no support whatsoever for his argument. First, the complaint does not allege that he suffered any physical injury or physical sickness. Second, Rivera did not reveal in his Rule 26 disclosure statement any personal physical injury or physical sickness as a "category of damages" for which he sought relief. *See* Fed. R. Civ. P. 26(a)(1)(C) ("a party must, without awaiting a discovery request, provide to other parties . . . a computation of any category of damages claimed by the disclosing party [and the documents] on which such computation is based"). Finally, Rivera has failed to produce any evidence regarding the settlement conference during which the parties allegedly discussed Rivera's emotional distress and mental anguish. Rivera has offered nothing that challenges, much less refutes, the presumption created by the language of the settlement agreement. *See Lindsey v. Comm'r*, 422 F.3d 684, 689 (8th Cir. 2005) ("Lindsey fails to establish the second criterion, because he has not identified what percentage of the settlement damages is allocable to physical injury or physical sickness, and the record lacks any evidentiary basis for concluding a specific portion of the . . . settlement payment is allocable to Lindsey's physical injury or physical sickness.").

**[7]** The Internal Revenue Code defines "wages" as "all remuneration for employment, including the cash value of all remuneration (including benefits) paid in any medium other than cash." 26 U.S.C. § 3121(a) (1998). It specifically excludes from that definition any payments made by the employer on account of sickness or accident disability, medical or hospitalization expenses, or death. *Id.* at § 3121(a)(2)(A)-(C). The Fourth Circuit has observed that the "language in the Internal Revenue Code and the Treasury Regulations . . . is expansive," and has held that certain settlement payments "fit easily within FICA's broad definition of 'wages' as 'all remuneration for employment unless specifically excepted.' " *Hemelt v. United States*, 122 F.3d 204, 209 (4th Cir. 1997) (citing 26 U.S.C. § 3121(a) and 26 C.F.R. § 31.3121(a)-1(b)).

**[8]** The Internal Revenue Code defines "employment" to include "any service, of whatever nature, performed . . . by an employee for the person employing him." 26 U.S.C. § 3121(b). The Supreme Court and Fourth Circuit have emphasized the broad, inclusive nature of "employment." *See Soc. Sec. Bd. v. Nierotko*, 327 U.S. 358, 365 (1946); *Hemelt*, 122 F.3d at 209. " '[S]ervice' as used by Congress in this definitive phrase means not only work actually done but the entire employer-employee relationship for which compensation is paid to the employee by the employer." *Nierotko*, 327 U.S. at 365-66. The Code does not distinguish between back pay based on, for example, contract claims, and back pay based on Title VII claims.

At least three circuits have held that settlement payments based on Employee Retirement Income Security Act ("ERISA") claims are "wages" and require payments to be withheld for tax purposes. *See, e.g.*, *Gerbec v. United States*, 164 F.3d 1015, 1025-27 (6th Cir. 1999) (holding that a portion of the ERISA settlement "may be subject to federal income taxation as well as FICA taxation" and that "any damages attributable to wages [the taxpayers] would have

received had they not been wrongfully terminated should also be subject to the FICA taxes they would have paid on those wages had they not been wrongfully terminated"); *Mayberry*, 151 F.3d at 860 (holding that an ERISA settlement was not excludible from gross income and was "wages" subject to FICA taxes); *Hemelt*, 122 F.3d at 209-10 (holding that settlement payments for ERISA claims approximate recovery for lost wages and are properly defined as wages for FICA withholding purposes). Moreover, one court analogized ERISA claims to "claims under Title VII and the ADEA," because they are all "designed to approximate[ ] recovery for lost wages and other economic harms." *Hemelt*, 122 F.3d at 209.

**[9]** Like the ERISA claims at issue in *Gerbec*, *Mayberry*, and *Hemelt*, Rivera's claims stem from his employer-employee relationship with Baker. The settlement payments are compensation for back pay and lost wages; the fact that Rivera alleged that back pay was owed him because of violations of federal discrimination laws is incidental to whether his back pay constitutes wages subject to withholding. We conclude that Rivera's back pay and lost wages constitute "wages" for taxable withholding purposes, and the district court properly held that these settlement payments were subject to withholding. *See* 26 U.S.C. § 3121(a); 26 C.F.R. § 31.3121(a)-(1)(i).

**[10]** Even though Rivera is not currently employed by Baker, his "wages" from the settlement agreement are still subject to taxable withholding. "[R]emuneration for employment . . . constitutes wages even though at the time [the wages are] paid the relationship of employer and employee no longer exists between the person in whose employ the services were performed and the individual who performed them." 26 C.F.R. § 31.3121(a)-(1)(i); *see also Gerbec*, 164 F.3d at 1026 ("We conclude that it would be improper to exempt Plaintiffs from mandatory FICA taxes merely because they were not employees of [their company] at the time the payments were made and because the payments were not in return for actual

services performed."). Baker properly withheld the tax from Rivera's settlement payments, even though he was not currently in Baker's employ at the time the settlement was paid. In fact, Baker might have been liable for failing to withhold the necessary taxes. *See, e.g.*, 26 U.S.C. § 3402(a)(1) ("[E]very employer making payment of wages shall deduct and withhold upon such wages a tax determined in accordance with tables or computational procedures prescribed by the Secretary."); § 3403 ("The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter . . . ."); *see also Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766 (9th Cir. 1986) (holding that the duty to withhold is mandatory, rather than discriminatory, in nature).

[11] Rivera is not without recourse, either as to the fact or the amount of income tax withheld.[3] He remains free to seek a refund for wrongfully withheld taxes via a direct claim to the Internal Revenue Service. Nonetheless, we hold that because the settlement proceeds were properly classified as lost wages, the district court correctly deemed the proceeds subject to income tax withholding.

## IV.   CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.

---

[3]Rivera also argues that the amount of tax withheld by Baker was improper. Rivera waived this claim by failing to raise it before the district court.