MEMORANDUM **
Laura Denise Seidel appeals pro se from the Tax Court’s decision that a $157,000 payment Seidel received under a settlement agreement was not excludable from her gross income. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo the Tax Court’s conclusions of law and review for clear error its findings of fact, Rivera v. Baker West, Inc., 430 F.3d 1253, 1256 (9th Cir.2005), and we affirm.
The Tax Court did not clearly err by finding that, under the settlement agreement, the $157,000 payment was intended to compensate for emotional distress and thus was not excludable from Seidel’s gross income. See 26 U.S.C. § 104(a)(2) (exempting compensation based on physical injury from taxation but not treating emotional distress as a physical injury or physical sickness); Rivera, 430 F.3d at 1257 (explaining that, in analyzing a settlement agreement, the court looks to the express language of the agreement to determine whether it specifies the purpose of the compensation and, if there is no express language, the intent of the payor).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.