**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL ENRIGHT; JULIE A. ENRIGHT, | No. 10-72643 |
| Petitioners - Appellants, | Tax Ct. No. 27955-08 |
| v. | MEMORANDUM[*] |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted February 21, 2012[**]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Michael and Julie A. Enright appeal pro se from the Tax Court's judgment

concluding that a $57,500 payment that Julie Enright received under a settlement

agreement was not excludable from their gross income.  We have jurisdiction

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 26 U.S.C. § 7482(a)(1).  We review de novo the Tax Court's conclusions of law and for clear error its findings of fact, *Rivera v. Baker West, Inc.*, 430 F.3d 1253, 1256 (9th Cir. 2005), and we affirm.

The Tax Court properly concluded that the settlement was not excludable from the Enrights' gross income because neither the settlement agreement nor the facts and circumstances of the case suggested that the settlement was based on any physical injury or physical sickness.  *See* 26 U.S.C. § 104(a)(2) (exempting a settlement payment based on personal physical injuries or physical sickness from taxation, but not treating emotional distress as a physical injury or physical sickness); *Rivera*, 430 F.3d at 1257 (to determine whether a settlement is based on physical injury or physical sickness, courts consider the settlement agreement and the facts and circumstances of the case).

The Enrights' remaining contentions are unpersuasive.

**AFFIRMED.**