T.C. Memo. 2012-71

UNITED STATES TAX COURT

SALVADOR F. NERI AND GUADALUPE NERI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20420-09.                    Filed March 15, 2012.

1.  <u>Held</u>:  Ps have failed to prove that PH's receipt of an
arbitrator's award from his former employer on account of its
wrongfully failing to accommodate PH's disability was excludible from
gross income under I.R.C. sec. 104(a)(2) because of its being paid on
account of personal physical injuries or physical sickness.

2.  <u>Held</u>, <u>further</u>,  Ps are not liable for I.R.C. sec. 6662 accuracy-
related penalty.

Joyce Anne Rebhun, for petitioners.

Michael W. Tan, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

HALPERN, Judge:  Respondent determined a deficiency in petitioners' 2007 Federal income tax of $74,185 and an accuracy-related penalty of $14,837.  Taking into account a stipulation of settled issues (which we accept), the issues that remain are whether petitioners (1) may exclude from gross income $210,000 awarded to petitioner husband (Mr. Neri) by an arbitrator in a proceeding resolving claims brought by Mr. Neri against his former employer for wrongfully failing to accommodate his disability and (2) are liable for the accuracy-related penalty.

Unless otherwise stated, section references are to the Internal Revenue Code in effect for 2007 and Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioners bear the burden of proof.  See Rule 142(a).[1]

---

[1]Petitioners have not raised the issue of sec. 7491(a), which shifts the burden of proof to the Commissioner in certain situations.  We conclude that sec. 7491(a) does not apply here because petitioners have not produced any evidence that they have satisfied the preconditions for its application.

FINDINGS OF FACT

Some facts are stipulated and are so found. The stipulation of facts, with accompanying exhibits, is incorporated herein by this reference.

At the time they filed the petition, petitioners lived in California.

Until sometime in 2004, Mr. Neri was employed as a maintenance worker by E&S Ring Management Corp. (E&S). E&S terminated his employment in 2004, and, in February 2005, Mr. Neri commenced an action against E&S in the Superior Court of California, County of Los Angeles. In the complaint, Mr. Neri stated the following 10 causes of action: (1) family and medical leave discrimination in violation of the California Fair Employment and Housing Act (FEHA), Cal. Govt. Code sec. 12900 et seq., (2) family and medical leave discrimination in violation of public policy, (3) retaliation for requests for family and medical leave, complaints of family and medical leave discrimination and/or harassment in violation of FEHA, (4) retaliation for requests for family and medical leave, complaints of family and medical leave discrimination and/or harassment in violation of public policy, (5) family and medical leave harassment in violation of FEHA, (6) disability discrimination in violation of FEHA, (7) disability discrimination in violation of public policy, (8) retaliation for requests for accommodation, complaints of disability discrimination and/or harassment in violation of FEHA, (9) retaliation

for requests for accommodation, complaints of disability discrimination and/or harassment in violation of public policy, and (10) disability harassment in violation of FEHA.

By the complaint, Mr. Neri prayed for the following relief: (1) reinstatement of employment, (2) lost wages and related employment benefits, (3) special damages according to proof at trial, (4) attorney's fees according to proof at trial, (5) punitive damages according to proof at trial, (6) general damages, and damages for emotional distress according to proof at trial, (7) a jury trial on all issues, (8) costs of litigation, and (9) such other relief as the court might deem just and proper.

Mr. Neri and E&S submitted the case to arbitration. With respect to liability, the arbitrator found:

E&S wrongfully failed to accommodate Neri's disability.

Dimson [apparently an agent of E&S] lacked knowledge of the law and its requirements respecting the accommodation of disability. Neri was disabled at the time he was terminated. The necessary accommodation was minimal and there was no reason it could not have been made.

Dimson accepted the fact of disability, yet failed to accommodate it as the law required because she was ignorant as to the need for accommodation.

With respect to damages, the arbitrator found in part:

> Neri's condition after the wrongful termination was basically similar to his condition that previously was treated successfully by Dr. Hernandez over a relatively brief period for a very reasonable amount. Neri's complaints were subjective in nature. Accordingly, credibility is very important in evaluating their seriousness. The Arbitrator finds that * * * Neri['s] * * * [credibility] is lacking in this regard.

> Neri, very shortly after the termination, moved * * * [his care] to Dr. Milgrim, a forensic physician, whose testimony was not persuasive. Neri's previous condition was exacerbated by termination, but the Arbitrator is not persuaded that the exacerbation was nearly as extensive nor requiring the quantum of treatment testified to by Dr. Milgrim. * * *

> Neri truly was an "eggshell" at the time of his unlawful termination in that he had been suffering from similar complaints almost immediately before his wrongful termination. These are conditions that would be adversely affected by subsequent, improper/unlawful termination * * * .

> There is no basis for an award of punitive damages.

The arbitrator awarded to Mr. Neri $150,000. Subsequently, the arbitrator made an additional award of $50,000 for attorney's fees and $10,000 for costs (the three amounts, together $210,000, award).

On account of the award, E&S paid $210,000 to Mark Weidmann, Mr. Neri's attorney in the case, who deducted $94,500 as attorney's fees and

$31,753.51 for costs (totaling $126,253.51).[2]  In May 2007, Mr. Weidmann paid the balance, $83,746.49, to Mr. Neri.

On April 15, 2008, petitioners filed their 2007 Form 1040, U.S. Individual Income Tax Return.  They reported nothing on account of the award or on account of their payment of attorney's fees and costs.

Petitioner wife, Ms. Neri, testified that Mr. Weidmann told her and her husband that any recovery against E&S was nontaxable.

## OPINION

I.    The Award

Section 61 provides that, in general, "gross income means all income from whatever source derived".  In pertinent part, section 104(a)(2) provides that "gross income does not include * * * the amount of any damages * * * received * * * on account of personal physical injuries or physical sickness".   The flush language at the end of section 104(a) qualifies that exclusion by adding:  "For purposes of paragraph (2), emotional distress shall not be treated as a physical injury or physical sickness."  The parties disagree on the applicability of section 104(a)(2) to the award.

---

[2]The parties have stipulated that, if the Court finds that the award is includible in petitioners' gross income, they are entitled to a deduction of $126,253.51 under sec. 62(a)(20).

Respondent argues that the award is not excludible from gross income under section 104(a)(2) because, notwithstanding that it constitutes damages within the meaning of the provision, those damages were not received on account of personal physical injuries or physical sickness. Respondent draws that conclusion from an examination of the complaint and the arbitrator's decision. Respondent argues:

> When read together, the Complaint and the arbitration award make clear that the damages were not for physical injury. In its factual allegations, the complaint failed to allege that E&S caused any physical injury to the petitioner-husband. In line with the factual allegations, the complaint's prayer for relief failed to request damages for physical injury. At best, the complaint's prayer for relief only requested damages for emotional distress according to proof.

Specifically with respect to the arbitrator's decision, respondent argues: "Nowhere in the * * * [arbitrator's decision] does the arbitrator award damages as compensation for physical injury." Respondent concludes: "In light of the fact that the complaint did not allege or request damages for physical injury, the Court should find that the award was not for physical injuries."

Petitioners describe the award as "in full settlement of a suit for personal injuries as a result of the wrongful conduct of the employer in violation of both Federal and state laws." In response to respondent's claim that the complaint does not allege facts relating to any physical injury, petitioners answer: "[T]he Complaint * * * [contained a cause of action alleging] Family & Medical Leave

Discrimination in Violation of Public Policy which requires wrongful retaliation by an employer against a physically injured worker while on disability leave."

We must determine whether any portion of the award paid by E&S to Mr. Neri was paid on account of personal physical injuries or physical sickness. The complaint lists numerous causes of action and prays for damages on account of emotional distress; it does not specifically ask for damages on account of personal physical injuries or physical sickness. The arbitrator did not particularize the award with respect to any of the causes alleged. While the arbitrator did find that Mr. Neri's previous condition was exacerbated by E&S' unlawful termination of his employment, he also found that his posttermination condition was basically similar to his condition that was treated successfully by Dr. Hernandez, apparently before Mr. Neri's termination. The arbitrator does not tell us what Mr. Neri's condition was; i.e., (1) a personal physical injury or physical sickness or (2) emotional distress, although his description of Mr. Neri's "eggshell" status at the time of his termination would indicate the latter. Petitioners have failed to convince us that the arbitrator intended any of the award to recompense Mr. Neri for E&S' causing or exacerbating any personal physical injury or physical sickness suffered by him. Nor have petitioners otherwise shown us that E&S' intent or dominant reason for paying the award was to recompense Mr. Neri for personal

physical injury or physical sickness. See, e.g., Rivera v. Baker West, Inc., 430 F.3d 1253 (9th Cir. 2005); Vincent v. Commissioner, T.C. Memo. 2005-95. Petitioners have failed to show error in respondent's determination of a deficiency on account of petitioners omitting the award from gross income.

## II. Penalty

Section 6662(a) and (b)(1) and (2) provides for an accuracy-related penalty (penalty) in the amount of 20% of the portion of any underpayment attributable to, among other things, negligence or intentional disregard of rules or regulations or any substantial understatement of income tax.

Section 6664(c)(1) provides that the penalty shall not be imposed with respect to any portion of an underpayment if a taxpayer shows that there was reasonable cause for, and that the taxpayer acted in good faith with respect to, that portion. Section 1.6664-4(b)(1), Income Tax Regs., provides:

> The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. * * * Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of * * * law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer. * * * Reliance * * * on the advice of a professional tax advisor * * * does not necessarily demonstrate reasonable cause and good faith.

Taking into account all pertinent facts and circumstances, we find that petitioners acted with reasonable cause and in good faith in omitting the award from gross income.  We therefore do not sustain respondent's determination of an accuracy-related penalty.

Decision will be entered under

Rule 155.