**Misael AVILA; Sergio Avila, Plaintiffs–Appellees,**

v.

**NAIMAT KADAH INTERNATIONAL, INC., DBA Kabab and Curry's; Mohammad Usman, Defendants–Appellants.**

No. 13-17075
14-15791

United States Court of Appeals, Ninth Circuit.

Argued and Submitted November 17, 2015

Submission Vacated November 19, 2015
San Francisco, California

August 26, 2016

Resubmitted August 26, 2016 San Francisco, California

Adam Wang, Law Offices of Adam Wang, San Jose, CA, Tomas E. Margain, Tomas E. Margain, Attorney at Law, San Jose, CA, for Plaintiffs–Appellees

Gopalan Nair, Attorney, Gopalan Nair Attorneys at Law, Fremont, CA, Tyler M.

Paetkau, Esquire, Attorney, Olga Savage, Attorney, Hartnett, Smith & Paetkau, Redwood City, CA, Tyler M. Paetkau, Esquire, Attorney, Tyler M. Paetkau, ESQ., Redwood City, CA, for Defendants–Appellants

Before: THOMAS, Chief Judge, and IKUTA and HURWITZ, Circuit Judges.

MEMORANDUM *

Naimat Kadah International, Inc., and Mohammad Usman (collectively, "Naimat") appeal a district court judgment in this wage-and-hour suit enforcing a settlement between Naimat and Misael and Sergio Avila (collectively, "the Avilas"). Naimat also challenges an award of attorney's fees to the Avilas. We have jurisdiction under 28 U.S.C. § 1291, and affirm in part, vacate in part, and remand.

1. As the district court recognized, the settlement agreement provides for the arbitration of most disputes. However, the agreement allows for a judicial "proceeding to obtain the judgment caused by the Company's breach ... for unpaid balance." And, in its order dismissing the original action the district court explicitly retained "jurisdiction over this case for the purpose of enforcing the settlement." *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). The district court therefore retained the ability to determine whether a default had occurred and, if so, to enter judgment in favor of the Avilas.

2. It is uncontested that the wages due the Avilas under the settlement remain unpaid. As the district court held, the settlement agreement sets no conditions precedent to payment. The district court did not err by concluding that Naimat was in default and entering judgment in favor of the Avilas.

3. The district court entered judgment for the Avilas for the full amount of unpaid wages, $33,108. Naimat must, of course, comply with relevant tax laws, and the settlement agreement expressly provides for appropriate payroll deductions. *See Rivera v. Baker W., Inc.*, 430 F.3d 1253, 1259 (9th Cir. 2005) (finding that a settlement for back wages was "subject to taxable withholding"). We therefore remand to the district court to modify the judgment to specify that any payment required to the Avilas under the judgment is subject to required payroll deductions.

4. We also affirm the award of attorney's fees. The settlement agreement provides for fees to a prevailing party in the event of a dispute. The district court did not commit clear error in its factual findings—it carefully reviewed the relevant billing records and found the entries reasonable. *See Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1147–48 (9th Cir. 2001). The court therefore did not abuse its discretion. *See id.* at 1148.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.** Each side shall bear its own costs on appeal.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.