NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUILLERMO MOJARRO,<br><br>              Petitioner-Appellant,<br><br>   v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>              Respondent-Appellee. | No. 15-72153<br><br>Tax Ct. No. 1492-14<br><br>MEMORANDUM* |

Appeal from a Decision of the
United States Tax Court

Submitted April 11, 2017**

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Guillermo Mojarro appeals pro se from the Tax Court's judgment following a bench trial concluding that a $250,000 payment that Mojarro received under a settlement agreement was not excludable from his gross income and assessing penalties. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Tax Court's legal conclusions, and for clear error its factual findings. *DJB Holding Corp. v. Comm'r*, 803 F.3d 1014, 1022 (9th Cir. 2015). We affirm.

The Tax Court properly concluded that, with the exception of $1,500 paid for medical treatment for Mojarro's emotional distress, Mojarro's $250,000 settlement was not made on account of "physical injuries or physical sickness" and was therefore not excludable from Mojarro's gross income. 26 U.S.C. § 104(a)(2) (exempting settlement payment based on physical injuries or physical sickness from taxation, but not treating emotional distress as a physical injury or physical sickness); *Rivera v. Baker W., Inc.*, 430 F.3d 1253, 1256-57 (9th Cir. 2005) (setting forth framework for determining when settlement proceeds qualify for a § 104(a)(2) exclusion and explaining that there must be a "direct causal link" between damages and personal injuries).

The Tax Court did not clearly err in concluding that Mojarro failed to produce sufficient evidence that he acted with reasonable cause and in good faith, and thus properly concluded that Mojarro was ineligible for the exception under § 6664(c)(1) for his substantial underpayment of income tax. *See* 26 U.S.C. § 6662(a), (b)(2) (authorizing penalty for any substantial understatement of income tax); *id.* § 6662(d)(1)(A) (defining substantial understatement); *DJB Holding Corp.*, 803 F.3d at 1022, 1028-31 (setting forth standards of review and discussing penalties under § 6662 based on substantial underpayment and circumstances for

15-72153

applying exception under § 6664(c)(1) regarding whether taxpayer had reasonable cause for his position and acted in good faith).

The Tax Court did not abuse its discretion in denying Mojarro's motion for reconsideration because Mojarro did not establish grounds for relief. *See Parkinson v. Comm'r*, 647 F.2d 875, 876 (9th Cir. 1981) (standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**