NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD J. TRITZ; IRENE C. TRITZ, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA; DOES, 1 through 10, inclusive, <br><br> Defendants-Appellees. | No. 16-56240 <br><br> D.C. No. 8:14-cv-01653-AG-JCG <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted September 26, 2017**

Before:     SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Richard J. Tritz and Irene C. Tritz ("taxpayers") appeal pro se from the

district court's summary judgment in their tax refund action. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo. *Buffalow v. United States*, 109 F.3d

570, 572 (9th Cir. 1997). We affirm.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment because taxpayers failed to raise a genuine dispute of material fact as to whether they were entitled to a refund, as the settlement payment was not made on account of "physical injuries or physical sickness" and was therefore not excludable from taxpayers' gross income. 26 U.S.C. § 104(a)(2), (a) (exempting settlement payment based on physical injuries or physical sickness from taxation, but not treating emotional distress as a physical injury or physical sickness); *Rivera v. Baker West, Inc.*, 430 F.3d 1253, 1256-57 (9th Cir. 2005) (setting forth framework for determining when settlement proceeds qualify for a § 104(a)(2) exclusion and explaining that, in analyzing a settlement agreement, the court first looks to the express language of the agreement).

The district court's failure to rule on taxpayers' motion to compel further discovery is not grounds for reversal because taxpayers failed to show how additional discovery would have precluded summary judgment. *See Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (standard of review).

We reject as meritless taxpayers' contentions that the settlement agreement should be voided, and that their due process rights were violated.

**AFFIRMED.**