NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE M. DULANTO; ANA M.
DULANTO,

           Petitioners-Appellants,

  v.

COMMISSIONER OF INTERNAL
REVENUE,

           Respondent-Appellee.

No. 16-72867

Tax Ct. No. 19123-12

MEMORANDUM*

Appeal from a Decision of the
United States Tax Court

Submitted November 15, 2017**

Before:     CANBY, TROTT, and GRABER, Circuit Judges.

    Jose M. Dulanto and Ana M. Dulanto appeal pro se from the Tax Court's

judgment concluding that a payment that Ana M. Dulanto received in a settlement

agreement was not excludable from their gross income and assessing penalties.

We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo the Tax

---

    *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Court's conclusions of law and for clear error its findings of fact. *Rivera v. Baker West, Inc.*, 430 F.3d 1253, 1256 (9th Cir. 2005). We affirm.

The Tax Court properly concluded that the settlement was not excludable from the Dulantos' gross income because neither the settlement agreement nor the facts and circumstances of the case demonstrate that the settlement was based on Ana M. Dulanto's physical injury or physical sickness, or her loss of consortium arising from Jose M. Dulanto's physical injury or physical sickness. *See* 26 U.S.C. § 104(a)(2) (exempting from taxation a settlement payment based on personal physical injuries or physical sickness); *Rivera*, 430 F.3d at 1257 (to determine whether a settlement is based on physical injury or physical sickness, courts consider the settlement agreement and the facts and circumstances of the case).

The Tax Court did not clearly err in concluding that the Dulantos failed to produce sufficient evidence that they acted with reasonable cause and in good faith, and thus properly found that the accuracy-related penalty was appropriate for the Dulantos' understated taxes. *See* 26 U.S.C. § 6662(a), (d)(1) (authorizing penalty for substantial understatement of taxes when understatement exceeds the greater of ten percent of the tax required to be shown on the tax return or $5,000); *DJB Holding Corp. v. Comm'r*, 803 F.3d 1014, 1022, 1028-31 (9th Cir. 2015) (setting forth standards of review and discussing penalties under § 6662 based on substantial underpayment and circumstances for applying exception under

§ 6664(c)(1) regarding whether taxpayer had reasonable cause for his position and acted in good faith).

The Tax Court did not abuse its discretion in denying the Dulantos' motion to continue because it was filed within 30 days of the trial date and the Dulantos were aware of Ana M. Dulanto's disability before that period. *See* Tax Ct. R. 133 (a motion for a continuance is granted "only in exceptional circumstances," and if filed within 30 days of hearing, it "ordinarily will be deemed dilatory and will be denied unless the ground therefor arose during that period or there was good reason for not making the motion sooner"); *see also Woods v. Saturn Distribution Corp.*, 78 F.3d 424, 427 (9th Cir. 1996) (standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**