NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEBRA JEAN BLUM, | No. 21-71113 |
| Petitioner-Appellant, | Tax Ct. No. 20020-17 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Argued and Submitted March 8, 2022
Seattle, Washington

Before: NGUYEN, MILLER, and BUMATAY, Circuit Judges.

Debra Blum appeals from a Tax Court decision upholding the Internal

Revenue Service's tax deficiency determination of $27,418.00. We review the Tax

Court's interpretations of the Tax Code de novo, *Meruelo v. Comm'r*, 691 F.3d 1108,

1114 (9th Cir. 2012), and findings of fact for clear error, *Boyd Gaming Corp. v.

Comm'r*, 177 F.3d 1096, 1098 (9th Cir. 1999). We have jurisdiction under 26 U.S.C.

_____

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

§ 7482(a)(1) and affirm.

The Tax Court properly found that Blum's legal malpractice settlement proceeds were not exempt from taxation under 26 U.S.C. § 104(a)(2). As a general matter, the Tax Code provides that "gross income means all income from whatever source derived." 26 U.S.C. § 61(a). The Tax Code, however, excludes from taxable income "the amount of any damages . . . received (whether by suit or agreement . . .) on account of personal physical injuries or physical sickness." 26 U.S.C. § 104(a)(2).

To exclude income under § 104(a)(2), a taxpayer must show (1) that "the underlying cause of action giving rise to the recovery is based upon tort or tort type rights;" and (2) that "the damages were received on account of personal physical injuries or physical sickness." *Rivera v. Baker W., Inc.*, 430 F.3d 1253, 1256 (9th Cir. 2005) (simplified). The second requirement can only be satisfied if there is a "direct causal link" between the damages and the personal injury suffered. *Id.* at 1257 (simplified). In the context of a settlement agreement, a taxpayer can establish that direct causal link through the express terms of the agreement or, if the terms of the agreement are unclear, by the intent of the payors. *See id.*

The express terms of Blum's settlement agreement make clear that there was no direct causal link between the legal malpractice settlement and her physical injuries. The settlement agreement expressly states that Blum and her attorneys

2

maintain "that Blum did *not* sustain any physical injuries as a result of the alleged negligence of either Kozlowski or Celski [her attorneys]." And the agreement further states that it was entered into "for the purpose of compromising and settling the [malpractice] dispute between [the parties]." Taken together, the express terms of the agreement demonstrate that the settlement was entered to compensate Blum for the harm caused by her lawyers' legal malpractice, rather than the physical injuries she sustained in her underlying negligence action. As the Tax Court accurately put it, the terms of the agreement "make[] clear that the payment was in lieu of damages for legal malpractice."

When the express terms of the agreement make the purpose of the settlement clear, we need not look to the intent of the payors. *See Rivera*, 430 F.3d at 1257. Because the agreement's express terms clearly indicate that Blum was not compensated for her physical injuries, the Tax Court properly concluded that the settlement proceeds were not exempt from taxation under § 104(a)(2).

**AFFIRMED.**