**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 18 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUMINITA ROMAN,

        Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent - Appellee.

No. 24-2220

D.C. No.
10878-16

MEMORANDUM*

Appeal from a Decision of the United States Tax Court

Submitted March 16, 2026**

Before:     SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

Luminita Roman appeals pro se from the Tax Court's judgment concluding

that a payment Roman received in a settlement agreement was not excludable from

her gross income and assessing a penalty. We have jurisdiction under 26 U.S.C.

§ 7482(a)(1). We review de novo the Tax Court's conclusions of law and for clear

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

error its findings of fact. *Rivera v. Baker West, Inc.*, 430 F.3d 1253, 1256 (9th Cir. 2005). We affirm.

The Tax Court properly concluded that the settlement payment was not excludable from Roman's gross income because there was no direct causal link between the settlement and her personal physical injuries or physical sickness, and Roman failed to demonstrate that any other exclusion applies. *See* 26 U.S.C. § 104(a)(2) (exempting from taxation settlement payments based on personal physical injuries or physical sickness); *Rivera*, 430 F.3d at 1257 (setting forth the framework for determining when settlement proceeds qualify for a § 104(a)(2) exclusion and holding that there must be a direct causal link between damages and personal physical injuries); *see also Comm'r v. Banks*, 543 U.S. 426, 433 (2005) (explaining that gross income includes "all economic gains not otherwise exempted"); *Getty v. Comm'r*, 913 F.2d 1486, 1490 (9th Cir. 1990) (holding that a taxpayer must demonstrate that funds "fit into one of the specific exclusions created by the Code" for funds to be exempt from gross income).

The Tax Court did not clearly err by allocating Roman half of the settlement payment. *See DJB Holding Corp. v. Comm'r*, 803 F.3d 1014, 1027 (9th Cir. 2015) (explaining that we review for clear error the allocation of income when the Tax Court's analysis was "primarily factual"); *see also Comm'r v. Culbertson*, 337 U.S. 733, 739-40 (1949) (holding that "income must be taxed to him who earns it").

The Tax Court did not clearly err by concluding that Roman failed to produce sufficient evidence that she acted with reasonable cause and in good faith, and thus properly found that the accuracy-related penalty was appropriate for Roman's substantial understatement of income tax. *See* 26 U.S.C. § 6662(a), (b)(2) (authorizing accuracy-related penalty for substantial understatement of income tax); *id.* § 6662(d)(1)(A) (defining substantial understatement); *id.* § 6664(c)(1) (stating that no penalty shall be imposed if the taxpayer acted with reasonable cause and in good faith); *DJB Holding Corp.*, 803 F.3d at 1022, 1028-31 (setting forth the standard of review and framework for determining when § 6664(c)(1) applies).

**AFFIRMED.**